IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>SC HEALTHCARE HOLDING, LLC *et al.*,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 24-10443 (TMH)<br>Jointly Administered<br><br>Ref. Docket No. 38 |

**COLUMN FINANCIAL, INC.'S LIMITED OBJECTION TO:
DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS
(I) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING,
(II) GRANTING SECURITY INTERESTS AND SUPERPRIORITY ADMINISTRATIVE
EXPENSE STATUS, (III) GRANTING ADEQUATE PROTECTION TO CERTAIN
PREPETITION SECURED CREDIT PARTIES, (IV) MODIFYING THE
AUTOMATIC STAY, (V) AUTHORIZING THE DEBTORS TO ENTER INTO
AGREEMENTS WITH JMB CAPITAL PARTNERS LENDING, LLC,
(VI) AUTHORIZING NON- CONSENSUAL USE OF CASH COLLATERAL,
(VII) SCHEDULING A FINAL HEARING, AND
(VIII) GRANTING RELATED RELIEF**

Column Financial, Inc. ("**Column**"), as successor in interest to Sector Financial Inc., as administrative agent and collateral agent for the Column Lenders (as defined below)², hereby files this objection (this "**Limited Objection**") and reservation of rights with respect to the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Security Interests and Superpriority Administrative Expense Status, (III Granting Adequate Protection to Certain Prepetition Secured Credit Parties, (IV) Modifying the Automatic Stay, (V) Authorizing the Debtors to*

---

¹ The last four digits of SC Healthcare Holding, LLC's tax identification number are 2584. The mailing address for SC Healthcare Holding, LLC is c/o Petersen Health Care Management, LLC 830 West Trailcreek Dr., Peoria, IL 61614. Due to the large number of debtors in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information will be made available on a website of the Debtors' proposed claims and noticing agent at www.kccllc.net/Peterson.

² Unless otherwise indicated, references to Column include the Column Lenders and vice versa. Further, Column is sometimes referred to as Sector or Sector Financial. Unless otherwise indicated, any references to Sector means Column.

*Enter Into Agreements With JMB Capital Partners Lending, LLC, (VI) Authorizing Non-Consensual Use of Cash Collateral, (VII) Scheduling a Final Hearing, and (VIII) Granting Related Relief* [Dkt. No. 38] (the "**DIP Financing Motion**").[3] In support of this Limited Objection, Column respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Debtors, DIP Lender and Column are continuing to try to reach consensus with respect to the proposed post-petition financing on an interim basis and, assuming the parties reach agreement on the open issues, Column intends to be supportive of the proposed DIP Financing, as modified by such agreement; however, as of the filing of this Limited Objection, the parties have not finalized an agreement. Therefore, Column hereby preserves all of its objections to the proposed DIP Facility and DIP Liens, including, without limitation, the proposed priming by the DIP Liens of the Column Liens (defined below) on the Column Collateral (defined below), and Column further preserves its rights to request additional adequate protection with respect to its Column Liens and Column Collateral, including, without limitation, monthly cash payments and the payment of all costs, fees, expenses (including attorneys' fees and legal expenses) and other charges accrued, accruing or chargeable under the Column Loan Documents (defined below).

## BACKGROUND

2. On March 20, 2024 (the "**Petition Date**"), each of the above-captioned debtors (collectively, the "**Debtors**") commenced its respective Chapter 11 Case.

3. The Debtors listed on <u>Exhibit A</u> hereto (the "**Column Debtors**") are parties to that certain Amended and Restated Loan Agreement dated August 5, 2020 (the "**Column Loan Agreement**") and related Loan Documents (as defined in the Column Loan Agreement) (all, as

---

[3] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the DIP Financing Motion.

amended, restated, modified, or supplemented to date, collectively with the Column Loan Agreement, the "**Column Loan Documents**"), pursuant to which Column and the other lenders party thereto (the "**Column Lenders**") provided the Column Debtors with a loan in the original principal amount of $88,757,500. As of the Petition Date, the Column Debtors were indebted to the Column Lenders in an amount not less than $65,000,000. Column is the Debtors' largest creditor. Prior to the Petition Date, the Debtors were also parties to several other loan documents and credit facilities (collectively, including the Column Loan Documents, the "**Prepetition Loan Documents**," and the lenders party thereto, including Column, collectively the "**Prepetition Lenders**").

4. The advances made pursuant to the Column Loan Documents are secured by properly perfected, (a) first-priority liens and security interests (the "**Column Liens**") on all or substantially all of the assets of the Column Debtors, including the real estate and improvements that comprise the properties from which the Column Debtors operate their senior living facilities, and (b) second priority liens and security interests on the Column Debtors' accounts receivable and the proceeds thereof (collectively, the "**Column Collateral**").

5. On the Petition Date, the Debtors filed the DIP Financing Motion seeking, *inter alia*, authority for each of the Debtors, jointly and severally, to obtain non-amortizing priming superpriority senior secured postpetition financing (the "**DIP Facility**," and the definitive documentation evidencing the DIP Facility, the "**DIP Documents**") from JMB Capital Partners Lending, LLC (the "**DIP Lender**") in an aggregate principal amount of up to $45,000,000 (the "**DIP Commitment**"), of which an amount of $10,000,000 (the "**Interim Advance**") shall be made available to the Debtors and may be drawn in a single draw upon entry of an interim order (the "**Interim Order**") granting the DIP Financing Motion. According to information provided

by the Debtors with respect to the DIP Financing Motion, only a portion of the DIP Facility loan proceeds will be used by the Column Debtors; the balance will be used by the non-Column Debtors.

6. To secure the DIP Facility, the Debtors propose to grant the DIP Lender a priming first lien security interest on all of the Debtor's assets, including the Column Collateral and proceeds thereof, for the entire amount of the DIP Commitment.

## LIMITED OBJECTION

7. Under 11 U.S.C. § 363(d), the Court may authorize the Debtors to prime the Column Liens *via* the DIP Facility if the Debtors are unable to obtain credit otherwise and if there is adequate protection of Column's interests in the Column Collateral. 11 U.S.C. § 364(d)(1). The Debtors have the burden of proof on the issue of adequate protection. 11 U.S.C. § 364(d)(2). Thus, in order to prime the Column Liens, the Court must conclude that Column's interests in the Column Collateral is adequately protected.

8. To the extent the Debtors propose to prime the Column Liens on the Column Collateral, and to the extent that the Court finds the Debtors have met their burden of proof that such priming is permissible, Column is entitled to adequate protection of the Column Liens, including, without limitation, (a) an appropriate equitable allocation of the DIP Facility and the priming DIP Liens among the Prepetition Secured Parties' respective borrowers and Prepetition Collateral so that Column's Collateral (and the proceeds of same) bears only its proportionate share of the priming DIP Liens and DIP Facility based on the amount of the DIP Facility utilized by the Column Debtors, and not based on the order of disposition of the Prepetition Collateral; (b) a requirement that the proceeds of any Prepetition Collateral are properly marshalled to effectuate

the aforementioned allocation; and (c) first priority replacement liens on Debtors' assets for any diminution of the Column Collateral.

9. Furthermore, any such conclusion by the Court will require a finding that Column has a significant equity cushion in relation to the Column Collateral and that Column is, thus, over-secured. Under 11 U.S.C. § 506(b), to the extent that an allowed secured claim is secured by property of a value greater than the amount of the claim, the holder of such claim shall be allowed interest on the claim and any reasonable fees, costs, or charges provided for under the underlying agreement. 11 U.S.C. § 506(b). Thus, should the Court make a finding that Column is adequately protected by means of an equity cushion in the Column Collateral, Column will be entitled to receive, among other things, interest on its secured claim, as well as payment of its reasonable fees, costs, and charges as provided for under the Column Loan Documents. Column hereby reserves the right to require payment of such amounts if the DIP Financing Motion is granted as part of the adequate protection granted to Column, with the foregoing amounts to include any amounts accrued since the Petition Date.

10. Column also reserves the right to object to certain of the payments Debtors propose to pay using the proceeds of the Interim Advance, as Debtors should only be permitted to make such payments as are absolutely necessary between entry of the Interim Order and any subsequent order. Column believes certain of the proposed payments may not satisfy that standard.

11. Based on these concerns, Column objects to the DIP Financing Motion and entry of the Interim Order as currently presented.

12. As stated above, Column, the Debtors and the DIP Lender are currently discussing resolution of the issues raised by Column with respect to the DIP Financing Motion, which, if the parties are able to reach agreement, will be included in the Interim Order. However, because no

agreement has been reached at this time, Column files this limited objection to the DIP Financing Motion to preserve all of its rights and objections with respect to same, including the right to object to the sufficiency of the adequate protection proposed by Debtors to Column.

**WHEREFORE**, Column, as successor in interest to Sector Financial Inc., as administrative agent and collateral agent for the Column Lenders, objects on the limited basis stated above to the relief requested in the DIP Financing Motion as set forth above and reserves its right to raise any additional objections at the hearing on same.

*[Signature Page Follows]*

| | |
|---|---|
| Dated : March 22, 2024<br>Wilmington, DE | **LANDIS RATH & COBB LLP**<br><br>*/s/ Joshua B. Brooks*<br>Richard S. Cobb, Esq. (No. 3157)<br>Joshua B. Brooks, Esq. (No. 6765)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>Email: cobb@lrclaw.com<br>          brooks@lrclaw.com<br><br>-and-<br><br>**HOLLAND & KNIGHT LLP**<br>David E. Lemke, Esq. (admitted *pro hac vice*)<br>Tyler Layne, Esq. (admitted *pro hac vice*)<br>Nashville City Center<br>511 Union Street, Suite 2700<br>Nashville, TN 37219<br>Telephone: (615) 244-6380<br>Facsimile: (615) 244-6804<br>Email: David.Lemke@hklaw.com<br>          Tyler.Layne@hklaw.com<br><br>*Attorneys for Column Financial, Inc., as successor in interest to Sector Financial, Inc. as administrative agent for the Column Lenders* |