# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>SC Healthcare Holding, LLC, *et al.,* [1]<br><br>                             Debtors. | Chapter 11<br><br>Case No. 24-10443 (TMH)<br><br>(Jointly Administered)<br><br>**Re: D.I. 59**<br>**Hearing Date: April 23, 2024 at 11:00 a.m.** |

## UNITED STATES TRUSTEE'S LIMITED OBJECTION AND RESERVATION OF RIGHTS IN RESPONSE TO THE EMERGENCY MOTION OF X-CALIBER FUNDING LLC TO EXCUSE RECEIVER'S COMPLIANCE WITH 11 U.S.C. § 543 (a) & (b)

In support of his limited objection and reservation of rights in response ("Response") to the *Emergency Motion of X-Caliber Funding LLC to Excuse Receiver's Compliance With 11 U.S.C. § 543 (a) & (b)* [D.I. 59] (the "Motion"), Andrew R. Vara, the United States Trustee for Regions 3 and 9 ("U.S. Trustee"), by and through his undersigned counsel, states:

### JURISDICTION AND STANDING

1. This Court has jurisdiction to hear the Motion and this Response.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States*

---

[1] The last four digits of SC Healthcare Holding, LLC's tax identification number are 2584. The mailing address for SC Healthcare Holding, LLC is c/o Petersen Health Care Management, LLC 830 West Trailcreek Dr., Peoria, IL 61614. Due to the large number of debtors in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information will be made available on a website of the Debtors' proposed claims and noticing agent at www.kccllc.net/Petersen, or by contacting the undersigned proposed counsel for the Debtors.

*Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to the Motion.

## BACKGROUND

4. On March 20, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. On April 9, 2024, the U.S. Trustee appointed an official committee of unsecured creditors.

6. The Debtors are debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. The Motion concerns sixteen of the Debtors identified as the "Subject Debtors". Prior to the Petition Date, on January 25, 2024, the United States District Court for the Northern District of Illinois (the "District Court") appointed Michael F. Flanagan, a senior care expert, as receiver ("Receiver") over all of Subject Debtors' operations and assets ("Receiver Order") following Subject Debtors' default under its loan obligations to X-Caliber Funding LLC, in its capacity as servicer for U.S. Bank, N.A., as trustee of XCAL 2019-IL-1 MORTGAGE TRUST ("Lender").

8. On March 21, 2024, the Lender filed its Motion asking the Court to excuse compliance with 11 U.S.C. § 543 (a) & (b), to allow the Receiver to remain in possession and control of the Subject Debtors' assets and governance during the chapter 11 cases of the Subject

Debtors, and to order that the Receiver Order shall remain in full force and effect and shall be unaffected by the filing of the Subject Debtors' bankruptcy cases.

9. At the same time Lender filed a motion to dismiss the Subject Debtors' chapter 11 bankruptcy cases ("Motion to Dismiss"). *See* D.I. 60. The U.S. Trustee has filed a Limited Objection and Reservation of Rights with respect to the Motion to Dismiss ("Limited Objection").

## RESERVATION OF RIGHTS AND LIMITED OBJECTION

10. One or more of the Debtors' estates, being the equity holder(s) of the Subject Debtors, has/have interests in the Subject Debtors' estates junior to those of allowed secured claims. Presently, it is unclear whether the value of the Subject Debtors' assets exceeds the Lender's allowed secured claim(s). To the extent the value of the Subject Debtors' estates exceeds the Lender's allowed secured claim(s), the Debtors are entitled to such value. The U.S. Trustee reserves the right to be heard on this point.

11. If the Subject Debtors' cases are not dismissed and the Court determines that "the interests of creditors and, if the debtor is not insolvent, of equity security holders would be better served by permitting a custodian to continue in possession, custody, or control of such property," *see* 11 U.S.C. § 543(d), the U.S. Trustee objects to the request to excuse compliance with section 543(b)(2) of the Bankruptcy Code. Simply put, in light of the other estates' interest(s) in the administration of the Subject Debtors' estates, the Receiver should be required to tender periodic post-petition reporting to this Court consistent with the obligations of debtors in possession if the Receiver is permitted to remain in possession, custody and/or control of the Subject Debtors.

12. Further, if the Subject Debtors' cases are not dismissed, permitting the Receiver to remain in possession, custody and/or control indefinitely is not contemplated by the Bankruptcy Code. Specifically, the remedy envisioned by the Code for the facts alleged in the Motion is

appointment of a trustee, not a receiver. Permitting a receiver to remain in place throughout the case contradicts what the Code sets forth regarding the interplay between receivers and the court. Section 105(b) states: "Notwithstanding subsection (a) of this section, a court may not appoint a receiver in a case under this title."  If the Court grants the Motion, compliance with section 543(b)(1) should be excused for a finite timeframe.[2]

13. Accordingly, the U.S. Trustee objects to the Lender's request.

---

[2] Once the bankruptcy case commenced, however, the receiver's status as a receiver raises a serious question. Under 11 U.S.C. § 105(b), a bankruptcy court may not appoint a receiver. Under 11 U.S.C. § 543(d), the bankruptcy court may temporarily permit a receiver to remain in place while the court decides whether to abstain to the receivership proceeding, or instead require the receiver to turn over the property of the estate to the trustee (or to the debtor-in-possession, if no trustee has been appointed). *See In re Plantation Inn Partners*, 142 B.R. 561 (Bankr.S.D.Ga.1992). Allowing Wedren to continue indefinitely as receiver thus appears to be inconsistent with the Bankruptcy Code. *See Plantation Inn Partners*, 142 B.R. at 564. Had Wedren been put in place by this court to replace prior management, he would have been appointed trustee, not receiver, because § 105(b) bars the appointment of a receiver to run the debtor. Compensation of a trustee is limited to maximum amounts fixed by the Bankruptcy Code, but Wedren's compensation as a receiver would not be. Also, as a receiver, Wedren's acts can be controlled by the receivership court, thus raising the potential of a conflict with the bankruptcy court's power to control the conduct of the debtor-in-possession.

*In re Stratesec, Inc.*, 324 B.R. 156, 157 (Bankr. D.C. 2004).

WHEREFORE, the U.S. Trustee requests that this Court grant such relief consistent with this Response as this Court deems appropriate, fair and just.

| | |
|---|---|
| Dated: April 18, 2024<br>Wilmington, Delaware | Respectfully submitted,<br><br>**ANDREW R. VARA**<br>**UNITED STATES TRUSTEE FOR**<br>**REGIONS 3 & 9**<br><br>By: */s/ Linda Richenderfer*<br>    Linda Richenderfer  (DE #4138)<br>    Trial Attorney<br>    United States Department of Justice<br>    Office of the United States Trustee<br>    J. Caleb Boggs Federal Building<br>    844 King Street, Suite 2207, Lockbox35<br>    Wilmington, Delaware 19801<br>    Phone: (302) 573-6492<br>    Fax:    (302) 573-6497<br>    Email: linda.richendedfer@usdoj.gov |

## **CERTIFICATE OF SERVICE**

I, Linda Richenderfer, hereby attest that on April 18, 2024, I caused to be served a copy of this *United States Trustee's Limited Objection and Reservation of Rights in Response to the Emergency Motion of X-Caliber Funding LLC to Excuse Receiver's Compliance with 11 U.S.C. § 543 (a) & (b)* by electronic service on the registered parties via the Court's CM/ECF system as well as a courtesy copy via electronic mail on certain parties in interest.

By: */s/ Linda Richenderfer*
     Linda Richenderfer