# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SC HEALTHCARE HOLDING, LLC, *et al.*, | Case No. 24-10443 (TMH) |
| Debtors.[1] | Jointly Administered |

## NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM*

**PLEASE TAKE NOTICE** that, on May 30, 2024, contemporaneous with the filing of this notice, a true and correct copy of the attached ***Subpoena for Rule 2004 Examination*** was served via electronic mail on:

**Hickory Point Bank & Trust**
c/o Samuel J. Witsman, Esq.
Hart, Southworth & Witsman
1 North Old State Capitol Plaza, Suite 501
Springfield, Illinois 62701
Email: switsman@hswnet.com

---

[1] The last four digits of SC Healthcare Holding, LLC's tax identification number are 2584. The mailing address for SC Healthcare Holding, LLC is c/o Petersen Health Care Management, LLC 830 West Trailcreek Dr., Peoria, IL 61614. Due to the large number of debtors in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information will be made available on a website of the Debtors' proposed claims and noticing agent at www.kccllc.net/Petersen.

Dated: May 30, 2024
      Wilmington, Delaware

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Dennis A. Meloro*
Anthony W. Clark (DE Bar No. 2051)
Dennis A. Meloro (DE Bar No. 4435)
222 Delaware Avenue, Suite 1600
Wilmington, Delaware  19801
Tel:  (302) 661-7000
anthony.clark@gtlaw.com
melorod@gtlaw.com

-and-

Nancy A. Peterman (*admitted pro hac vice*)
Danny Duerdoth (*admitted pro hac vice*)
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Tel: (312) 456-8400
petermann@gtlaw.com
duerdothd@gtlaw.com

*Counsel to the Official*
*Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

District of Delaware

| | |
|---|---|
| In re SC Healthcare Holding, LLC, *et al.* | Case No. 24-10443 (TMH) |
| Debtors | Chapter 11 |

**SUBPOENA FOR RULE 2004 EXAMINATION**

To: HICKORY POINT BANK & TRUST

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

The examination will be recorded by this method: N/A

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Schedule 1

| PLACE | DATE AND TIME |
|---|---|
| See attached Schedule 1 | June 6, 2024 |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 30, 2024

CLERK OF COURT

OR

_____    /s/ Nancy A. Peterman
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* the Official Committee of Unsecured Creditors, who issues or requests this subpoena, are:

Nancy A. Peterman, Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 3100, Chicago, IL 60601; petermann@gtlaw.com; 312-456-8400

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

 I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE 1

## DEFINITIONS

**General Definitions**

1. "Any" refers to any and all Documents, Persons, or entities inclusively, not the option of responding as to some but not others. "Any" includes the word "all," and "all" includes the word "any."

2. "Agreement" means any contract, agreement, understanding, or arrangement among two or more persons, whether written or oral, formal or informal, or express or implied.

3. "Communication" means any transmission or exchange of information, ideas, facts, data, proposals, or any other matter, whether between individuals or between or among the members of a group, whether face-to-face, by telephone, or by means of written, electronic, or other medium.

4. "Document" has the same meaning as in Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001. "Document" includes, in the broadest sense possible, but is not limited to, any written, printed, typed, photostatted, copied, photographed, recorded, or otherwise reproduced or stored Communication or representation, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof. Without limiting the generality of the foregoing, "Document" includes, but is not limited to correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, Agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings, or other Communications of any type, including inter- and intra-office Communications, questionnaires, surveys, charts, graphs, photographs, photographic recordings, films, tapes, disks, data cells, printouts of information stored or maintained by electronic data processing or word processing equipment, including email, and all other electronically stored information in any media that can be translated, if necessary, by You into reasonably usable form, including, but not limited to, electromagnetically sensitive stored media such as floppy disks, hard disks, and magnetic tapes, and any preliminary versions, drafts, or revisions of any of the foregoing. When one or more of the foregoing is requested by use of the term "Document," the request includes, but is not limited to, the original and each and every copy and draft thereof having writing, notations, corrections, or markings unique to each such copy or drafts. The term "Document" further includes all attachments, enclosures, or Documents affixed or referred to in any Documents. Documents include those which are in Your possession, or under Your actual or constructive custody or control, whether or not such Documents were received from or disseminated to any other Person or entity including, but not limited to, attorneys, accountants, consultants, employees, and third parties.

5. "ESI" means electronically stored information.

6. "Identify" means:

   a. when referring to a natural Person, to give, to the extent known, the Person's full legal name, any aliases, present or last known address, contact information (e.g., email address and/or phone number), and present or last known place of employment;

   b. when referring to an entity or other juridical Person, to give, to the extent known, the Person's full legal name, any alternate name, present or last known address, and contact information (e.g., email address and/or phone number); and

   c. when referring to Documents, to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document's making and/or transmission; and the (iv) author(s), addressee(s), and recipient(s).

7. "Information" means data of any kind recorded in any language, including machine language and recorded numerically, and in any form of expression.

8. "Person" means any natural person, public or private corporation, partnership, joint venture, association, group, governing board, department, division, government or governmental entity (including any governmental agency or political subdivision of any government), and any other form of business or legal organizational arrangement.

9. To be in "possession," "custody," or "control" of an item means that the Person either has physical possession of the item or has a right to possession equal or superior to that of the Person who has physical possession of the item.

10. "Relating," "Related to," or "Relates" means constitutes, embodies, comprises, reflects, evidences, discusses, identifies, describes, states, refers to, comments on, responds to, describes, analyzes, contains information concerning, or is any way connected, associated, or pertinent to the stated subject matter.

**Case-Specific Definitions**

11. "Bankruptcy Proceeding" means the jointly administered chapter 11 cases of the Debtors styled *In re SC Healthcare Holding, LLC, et al*. Case No. 24-10443 (TMH), filed in the United States Bankruptcy Court for the District of Delaware.

12. "Committee" means the Official Committee of Unsecured Creditors appointed in the Bankruptcy Proceeding by the United States Trustee for the District of Delaware.

13. "Debtor" means each of SC Healthcare Holding, LLC and its jointly administered chapter 11 debtors in the Bankruptcy Proceeding, and includes all successors and predecessors in interest, and any agent, representative, affiliate, and any other person or entity acting on behalf of their successors or predecessors in interest. A complete list of the Debtors is available on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/Petersen.

14. "Final DIP Order" means the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Security Interests and Superpriority Administrative Expense Status, (III) Granting Adequate Protection to Certain Prepetition Secured Credit Parties, (IV) Modifying the Automatic Stay; (V) Authorizing the Debtors to Enter Into Agreements With JMB Capital Partners Lending, LLC, (VI) Authorizing Use of Cash Collateral, and (VII) Granting Related Relief* entered in the Bankruptcy Proceeding at Docket No. 313, including all exhibits and schedules attached thereto.

15. "Hickory Point Bank" means Hickory Point Bank & Trust.

16. "Hickory Point Facility" has the meaning ascribed to such term in the Final DIP Order.

17. "Petition Date" means March 20, 2024.

18. "SC Healthcare" means the Debtors and their subsidiaries, affiliates, representatives, officers, directors, and agents.

19. "You" and "Your" mean the recipients of these document requests and includes all of Your successors and predecessors in interest, and any agent, representative, affiliate, and any other person or entity acting on behalf of You or Your successors or predecessors in interest.

## INSTRUCTIONS

1. The responses to the requests are to be signed by the Person making them, and the objections are to be signed by the attorney making them.

2. You shall produce originals or exact duplicates of the Documents requested below on a rolling basis beginning from the date of service of the requests and to be completed within **seven days** of the service of the requests:

   a. at the offices of Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 3100, Chicago, IL 60601, Attn: Nancy A. Peterman,

   b. via email delivery to both Nancy A. Peterman at petermann@gtlaw.com and David B. Kurzweil at KurzweilD@gtlaw.com, or

   c. at such other mutually agreeable place.

3. For purposes of construing these requests:

   a. The scope of any request shall be construed broadly based on any inferences drawn from the phrasing of any other request to bring within the scope of each request all responses that might otherwise be construed to be outside its scope.

   b. The singular form of a word includes the plural form of that word, and the plural form of a word includes the singular form of that word.

    c.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

    d.    The words "and" and "or" shall be construed either conjunctively or disjunctively, whichever would make each request inclusive rather than exclusive.

    e.    The words "between" and "among" shall be construed as "between or among," as the context requires. Any reference to Communications "between" or "among" parties shall include any and all Communications involving those parties whether or not additional parties are involved.

    f.    Terms defined herein are used with and without caps, and they both shall be interpreted to mean the same.

    g.    Any request referring to a length of time in the past shall begin on the date of service of these requests and count backwards, rounding to the farthest calendar year. For example, if these requests were served on May 1, 2024 and requested Documents "from the past five years," this request would go back to May 1, 2019 and then round back to January 1, 2019 to include all Documents from January 1, 2019 to May 1, 2024 (and constitutes a continuing request thereafter).

4. Each request solicits all Documents in Your possession, custody, or control, including, but not limited to, all information available to You or obtainable by You from Your attorneys, agents, representatives, and all other persons or entities acting in concert with You or on Your behalf.

5. The Documents that are within Your possession, custody, or control shall be produced as they are kept in the usual course of business or shall be organized and labeled by You to correspond with the categories in these requests.

6. Documents produced in response to these requests shall be produced in full. Documents attached to each other in their original form shall not be separated.

7. The Committee specifically requests production of electronic or magnetic data and ESI. All Documents and image files shall be produced in their native formats, such as Microsoft Word, Word Perfect, Microsoft Excel, PowerPoint, TIF, GIF, JPEG, or PDF. With respect to all other electronic or magnetic data and ESI, produce in ASCII format and for any file-based data, produce in an ASCII delimited text format, identifying the delimiters.

8. If any Document requested to be produced was, but is no longer, in Your possession, custody, or control or is no longer in existence, You shall provide a written statement that:

    a.    describes in detail the nature of the Document and its contents;

4

      b.      identifies the Person who prepared the Document and, if applicable, the Person(s) to whom the Document was sent;

      c.      specifies the dates on which the Document was prepared and transmitted;

      d.      specifies whether the Document is missing or lost, was destroyed, was transferred voluntarily or involuntarily to others and if so to whom; or was otherwise disposed of;

      e.      identifies the date on which the Document was lost, destroyed, transferred, or made unavailable;

      f.      specifies the reason(s) the Document was lost, destroyed, transferred, or made unavailable; and

      g.      identifies the Person(s) who requested, authorized, and performed the destruction, transfer, or the cause of the Document's unavailability.

9. These requests are continuing in nature. If after responding to the requests, You obtain or become aware of any additional information or Documents responsive to these requests, You shall timely supplement or correct Your responses or production of Documents. If You learn that any response to these requests or any production in response to these requests is in some material respect incomplete or incorrect, You shall timely supplement or correct Your responses or production of Documents.

10. If You object to any request or part thereof, You shall identify the request or part thereof to which You object, state with specificity all grounds for the objection, and respond to any portion of the request to which You do not object. If You object to any request below on the grounds that the request is ambiguous, vague, overbroad, or unduly burdensome, You shall produce Documents responsive to that request as understood or narrowed to the least extent necessary, in Your judgment, to render that request not overbroad or unduly burdensome, and You shall state specifically Your understanding of that request and/or the extent to which You have narrowed that request for purposes of Your response.

11. If a claim for privilege or protection is asserted in objecting to any request or part thereof, You shall furnish the following information with respect to the portion(s) of the request as to which the claim of privilege is asserted:

      a.      the basis on which the privilege or protection is claimed;

      b.      the type of Document (e.g., letter, email, memorandum, text message, etc.), withheld;

      c.      the subject matter of the information withheld;

      d.      the date of the Document withheld; and

   e.  such other information as is sufficient to identify the Document, including, where appropriate, the author(s) of the Document, the addressee(s) and any other recipient(s) of the Document, and, where not apparent, the relationship of the author(s), addressee(s), and any other recipient(s) to each other.

  12.  If You claim that a Document responsive to these requests contains both privileged and non-privileged material, You shall disclose the non-privileged material to the fullest extent possible without thereby disclosing the privileged material. If a privilege or protection is asserted with regard to part of the material contained in a Document, You shall clearly indicate the portion(s) for which the privilege or protection is claimed.

  13.  The fact that a Document has been or will be produced by another Person does not relieve You of the obligation to produce the Document. The fact that a Document has been or will be produced in paper format (as opposed to electronic format) shall not relieve You of the obligation to produce the Document in its electronic format if the Document is maintained in electronic format in the usual course of business.

  14.  Any and all electronically stored documents being produced in response to these requests shall be produced in load file which includes Natives, Text (Doc-Level) and a .dat file with at least the following metadata fields: BEGDOC; ENDDOC; ATTACHMENT RANGE; PARENTID; ATTACHIDS; CUSTODIAN; AUTHOR; TO; FROM; CC; BCC; SUBJECT; TITLE; DOCDATE; DOCTIME; SENTDATE; SENTTIME; RECEIVEDDATE; RECEIVEDTIME; LASTMODDATE; LASTMODTIME; CREATEDATE; CREATETIME; SORTDATE; SORTTIME; FILEPATH; FOLDER; FILENAME; FILEEXT; FULLFILE; DOCTYPE; FILESIZE; MD5HASH; MSGID; CONVINDX; NATIVELINK; TEXTLINK.

  15.  The Committee reserves the right to amend, supplement, or modify these requests.

## DOCUMENT REQUESTS

  1.  All Documents evidencing the validity, priority, and extent of the indebtedness under the Hickory Point Facility and any security interests granted in connection therewith, as of the Petition Date, including as stipulated and agreed to by the Debtors in the Final DIP Order, including, but not limited to:

  (a) Loan agreements;

  (b) Promissory notes;

  (c) Security agreements;

  (d) Guaranty agreements;

  (e) Recorded mortgages;

  (f) Recorded assignment of leases and rents;

6

(g) Recorded financing statements, including all UCC-1 financing statements as recorded with the applicable secretary of state and applicable county real property records, and all amendments to the foregoing;

(h) Deposit Account Control Agreements or other similar agreements the purpose of which is to grant to Hickory Point Bank control of any of the Debtors' deposit accounts;

(i) All other documents evidencing the validity, priority, and extent of Hickory Point Bank's asserted security interests in any of the Debtors' assets; and

(j) Detailed loan history, including payment history and loan balances, for the Hickory Point Facility.