IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SC HEALTHCARE HOLDING, LLC *et al.*, | Case No. 24-10443 (TMH) |
| | Jointly Administered |
| Debtors.[1] | |

**MOTION OF THE ESTATE OF LINDA HARRIS
FOR RELIEF FROM AUTOMATIC STAY**

The Estate of Linda Harris (the "Movant") hereby requests entry of an Order modifying the automatic stay of 11 U.S.C. §362(a) to allow it to liquidate its claims against the above captioned Debtors, including in particular debtor Petersen Management Company, LLC (collectively, the "Debtors"), through previously-commenced litigation (as further defined below, the "Civil Action"), and pursue recovery from insurance policies and proceeds. In support thereof, Movant states:

**JURISDICTION AND VENUE**

1.    The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of SC Healthcare Holding, LLC's tax identification number are 2584. The mailing address for SC Healthcare Holding, LLC is c/o Petersen Health Care Management, LLC 830 West Trailcreek Dr., Peoria, IL 61614. Due to the large number of debtors in these Chapter 11 Cases, whose cases are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information is available on a website of the Debtors' claims and noticing agent at www.kccllc.net/Petersen.

2. The Statutory predicates for relief requested herein are section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. From November 29, 2018, through November 29, 2020, Movant's decedent resided in a skilled nursing facility owned and operated by Debtor. While a resident of Debtor's skilled nursing facility, Movant's decedent received ongoing negligent medical and nursing care, despite a legal duty on behalf of Debtor to provide medical and nursing care in a manner that was not negligent. As a result of the ongoing negligent medical and nursing care provided by Debtor to Movant's decedent, Movant's decedent suffered from aggravated pressure ulcers and developed additional pressure ulcers, which eventually became infected. As a result of the injuries suffered by Movant's decedent due to Debtor's negligent medical and nursing care, Movant's decedent died on January 2, 2021. As a result of the injuries and death suffered by Movant's decedent and their beneficiaries, Movant filed a lawsuit in Illinois State Court, specifically Peoria County Circuit Court, Case No. 22-LA-246 (the "Civil Action"), seeking compensation for injuries sustained. The litigation in state court has been pending for a significant period (since November 23, 2022) and should be allowed to move forward, especially as the Debtors have an insurance carrier named National Fire & Marine Insurance Company that has an "eroding" policy of insurance and which needs adjudication to determine damages and coverage.

## RELIEF REQUESTED

4. Movant requests relief from the automatic stay of 11 U.S.C. § 362(a) so that it may liquidate its claims against the Debtors in the Civil Action and pursue a recovery against insurance proceeds. Section 362(d)(1) of the Bankruptcy Code provides: "(d) On request of a party in interest

and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay…(1) for cause, including the lack of adequate protection of an interest in property of such party in interest."

5.  "Generally, in the determination of 'cause,' Section 362 is interpreted as placing an initial burden on the moving party to establish its prima facie case which must then be rebutted by the party opposing such relief." *Izzarelli v. Rexene Prods. Co.* (*In re Rexene Prods. Co.*, 141 B.R. 574, 577 (Bankr. D. Del. 1992).

6.  As this Court has explained: The legislative history indicates that cause may be established by a single factor such as "a desire to permit an action to proceed in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case." The legislative history to Section 362(d)(1) emphasizes the section's applicability to proceedings in another tribunal. "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *Rexene Prods.*, 141 B.R. at 576 *(quoting* H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977)).

## ANALYSIS

**A. No Great Prejudice to the Debtors or Their Estates Would Result from Movant's Requested Relief.**

7.  Three factors are assessed in a balancing test in weighing the competing interests of a movant and a debtor to determine whether cause has been shown sufficient to merit modifying the automatic stay: "(1) the prejudice that would be suffered should the stay be lifted; (2) the balance of the hardships facing the parties; and (3) the probable success on the merits if the stay is lifted.

3

[Citation omitted]." *In re Continental Airlines, Inc.,* 152 B.R. 420, 424 (Bankr. D. Del. 1993) (citing *Rexene Prods.,* 141 B.R. at 576).

8. A bankruptcy estate is generally not considered to have an interest in proceeds of liability insurance policies. *See, e.g., 15375 Memorial*, 382 B.R. 652, 687 (D. Del. 2008) ("[U]nder the typical liability policy, Debtor will not have a cognizable interest in the proceeds of the policy. Those proceeds will normally be payable only for the benefit of those harmed by Debtor under the terms of the insurance contract." (*quoting Houston v. Edgeworth* (*in re Edgeworth*), 993 F.2d 51, 55-56 (5th Cir. 1993))); *Landry v. Exxon Pipeline Co.*, 260 B.R. 769, 786 (Bankr. M.D. La. 2001) ("[W]hen Debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate. In the liability insurance context Debtor has no cognizable claim to the proceeds paid by an insurer on account of a covered claim."). *See also In re Downey Fin. Corp.*, 428 B.R. 595, 608 (Bankr. D. Del. 2010) (holding that proceeds of a D&O liability policy payable directly to directors and officers were not estate property).

9. Due to the estates' lack of interest in liability policy proceeds, it has been held that debtors do not suffer prejudice when creditors obtain stay relief to liquidate claims that are covered by insurance proceeds. *See, e.g., In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 734 (7th Cir. 1991) ("Debtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors."); *In re Jet Fla. Sys. Inc.*, 883 F.2d 970, 975 (11th Cir. 1989) (Allowing stay relief and holding, "Debtor is not prejudiced by exposure to the liability claim because Debtor and his property are not subject to any risk and maintenance of the suit does not frustrate the policy of the Bankruptcy Code in giving Debtor a fresh start in his economic life."); *Downey*, 428 B.R. at 609 ("It is difficult to see how lifting the stay in this case would result in any

great prejudice to Debtor. Even if Debtor's interest in the Policy proceeds is not sufficiently speculative and remote to bring the proceeds outside of the bankruptcy estate, Debtor's interest is almost certainly not strong enough that it would suffer 'great prejudice' from a lifting of the stay."); *15375 Memorial*, 382 B.R. at 690 (granting stay relief and explaining, "Because the policy proceeds will be available only to creditors with the type of claims covered by the policy, there is no depletion of assets that would otherwise be available to satisfy general, unsecured claims, and there is therefore no reason to delay the creditor seeking to recover under the policy." (*quoting* Collier on Bankruptcy, ¶ 362.07 [3] [a])).

10. Any award that Movant may receive may be covered by insurance. Under no circumstances would the insurance proceeds ever become part of the Debtors' bankruptcy estate. Consequently, it is unlikely the estate would suffer depletion if Movant were to obtain its requested relief.

11. The Debtors' insurers will likely provide a vigorous defense, and thus the Debtors would not need to expend its resources in that regard.

12. In effect, all that Movant seeks is an adjudication of liability and to recover from the insurers. Movant respectfully submits that minimal prejudice to the estates would result.

**B. The Hardship to Movant by Maintenance of the Stay Considerably Outweighs the Hardship to Debtor.**

13. Movant would suffer great hardship if it were denied this relief.

14. Movant suffered damages for which it has not been compensated now for several years. Additionally, Debtors' policy of insurance covering Movant's damages is an eroding policy with an Aggregate Limit of $3,000,000.00 per location. Additional delay compounds the hardship to Movant.

15. As this Court explained in granting stay relief in *15375 Memorial*, a claimant under a liability policy will suffer prejudice from delay due to the "lost time value of money," as well as "the lapse of time in terms of its ability to effectively prosecute its claims. Witnesses and documents become unavailable." *15375 Memorial*, 382 B.R. at 690.

16. In addition, Movant is not a resident of Delaware and its personal injury counsel is located in Illinois. If it were forced to proceed to liquidate its claim in Delaware, it would suffer an additional "geographic burden." Also, the attorneys, witnesses, documents, and potential parties are all located outside of Delaware. The added expense of transporting the lawsuit to Delaware is unnecessary. *Rexene Prods.*, 141 B.R. at 577. This Court in *Rexene Products* went on to grant stay relief.

17. The hardships of Movant and its beneficiaries are great. We are now approaching four years since the date of the death of Movant's decedent. Movant has already been required to wait an extensive period of time to pursue its claims and seek damages. Any additional delay to a resolution of his claim would be tremendously harmful. Movant's damages are insured by an insurance policy of Debtors that has an eroding "Per Location" limit, which may be usurped by other claimants if the stay on Movant's lawsuit is not lifted. Counsel for the Debtor has already appeared in the litigation, and counsel's attorney fees reduce the limits of insurance. On the other hand, as described above, the Debtors will face virtually no hardship if Movant is granted this requested relief. No estate assets would be jeopardized, and the Debtors would not have to expend any funds or commit any significant resources to defend the Civil Action.

18. Movant respectfully submits that the hardship that it would suffer by maintenance of the stay considerably outweighs any hardship to the Debtors with respect to its requested relief.

**C. Movant Has a Probability of Prevailing on the Merits of Its Claims.**

19. With respect to this prong of the analysis, courts hold that "[t]he required showing is very slight." *Id.* at 578. *See also Downey Fin.*, 428 B.R. at 610 ("Even a slight probability of success on the merits may be sufficient to warrant stay relief in an appropriate case." (*quoting In re The SCQ Group. Inc*., 395 B.R. 852, 859 (Bankr. D. Del. 2007))); *15375 Memorial*, 382 B.R. at 691 (same) (quoting *Continental Airlines*, 152 B.R. at 426). Fault and liability are likely to be established. Movant's damages are significant.

20. In addition, Movant notes that the already low bar of this third prong is even lower where a movant's claim would be covered by non-debtor sources. In *15375 Memorial*, this Court stated that under such circumstances, a bankruptcy court should not examine the merits of the movant's claims. Rather, "all that is required is that Movant make a more than a 'vague initial showing' that it can establish a *prima facie* case. In a case, such as this one where the claimant seeks only to liquidate its claims as a predicate to recovering against insurance and other non-debtor sources, to require a merits analysis would defeat the objective of economizing judicial resources and would frustrate the effort to resolve relief from stay motions expeditiously." *15375 Memorial*, 382 B.R. at 691 (*citing Peterson v. Cundy* (*In re Peterson*), 116 B.R. 247, 250 (D. Colo. 1990)).

21. Here, Movant has certainly alleged colorable and plausible claims, and submits that it has met this prong of the stay relief analysis.

**WHEREFORE**, Movant respectfully requests entry of an Order, in substantially the form attached: (1) granting it relief from the automatic stay of 11 U.S.C. §362(a) so that it may proceed to liquidate its claims against the Debtors in the Civil Action and pursue a recovery against insurance proceeds; and (2) granting Movant such further relief as may be appropriate.

Dated: August 14, 2024
    Wilmington, Delaware

*/s/ Matthew P. Ward*
Matthew P. Ward (DE Bar No. 4471)
1313 North Market Street, Suite 1200
WOMBLE BOND DICKINSON (US) LLP
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: matthew.ward@wbd-us.com

*Counsel to Movant*

WBD (US) 4895-4781-7677v2