**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| SC Healthcare Holding, LLC, *et al.*, | : | Case No. 24-10443 (TMH) |
| Debtors. | : | Jointly Administered |

**MISSOURI DEPARTMENT OF REVENUE'S OBJECTION**
**TO THE DEBTORS' CHAPTER 11 PLAN OF LIQUIDATION**

The Missouri Department of Revenue ("MDOR") objects to the Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation (the "Plan") on the following grounds:

1. The Plan fails to provide interest to priority tax creditors to compensate them for the time value of money as required by sections 1129(a)(9)(C) and 511(a) of the Bankruptcy Code.

2. Section IV.N. of the Plan (p. 48) provides that the Debtors shall pay "Cash, in an amount equal to such Allowed Priority Tax Claim, on the later of (a) the Effective Date and (b) the First Business Day after the date that is 30 days calendar days after the date on which such Priority Tax Claim becomes an Allowed Priority Tax Claim, or as soon thereafter as is reasonably practicable."

3. Under section 1129(a)(9)(C), any payments to priority tax creditors made after a plan's effective date must be "of total value, as of the effective date of the plan, equal to the allowed amount of such claim." Courts have uniformly interpreted this language to require debtors to pay, after a plan's effective date, interest on the allowed amount of priority tax claims to compensate priority tax creditors for the lost time value of money due to the delay in payment. See, e.g., United States v. Neal Pharmacal Co., 789 F.2d 1283, 1285 (8th Cir. 1986) ("Section 1129(a)(9)(C) provides that a debtor seeking confirmation of a reorganization plan under chapter 11 may only defer the payment of priority tax claims if the creditor who is forced to accept the deferred payments receives interest on its claim in an amount that renders the deferred payments equivalent to the present value of its claim."); United States v. Southern States Motor Inns, Inc. (In re Southern States Motor Inns, Inc.), 709 F.2d 647, 650 (11th Cir. 1983) ("The Bankruptcy Courts have almost uniformly ruled that the proper method of providing such creditors with the equivalent of the value of their claim as of the

effective date of the plan is to charge interest on the claim throughout the payment period."); United States v. Welco Industries, Inc. (In re Welco Industries, Inc.), 60 B.R. 880, 882 (9th Cir. BAP 1986) ("The legislative history of the Code indicates that Congress used the phrase "value, as of the effective date of the plan" in order to ensure that creditors with priority tax claims who were required to accept payments over time would receive deferred payments equivalent to the present value of their claims.").

       4.      Because the Plan does not provide for post-Effective Date interest on priority tax claims, it is not confirmable pursuant to 11 U.S.C § 1129(a)(9)(c). See, e.g., In re Burgess Wholesale Mfg. Opticians, Inc., 721 F.2d 1146, 1146-47 (7th Cir. 1983) (reversing bankruptcy court's confirmation of plan that did not provide post-effective date interest to priority tax creditor); In re New Hope Hardware, LLC, Case No, 20-40999-PBW, 2020 WL 6588615, at *2 (Bankr. N.D. Ga. Sept. 9, 2020) (holding that plan that did not provide for post-effective date interest on state sales tax claim and county ad valorem tax claim would not comply with §1129(a)(9)(C); In re BGNX, 76 B.R. 851, 851-52 (S.D. Fla, 1987) (denying confirmation of plan that did not provide interest on deferred payments to priority tax creditors); In re Bay Area Servs., 26 B.R. 811, 811-14 (Bankr. M.D. Fla. 1982) (denying confirmation of plan that did not provide post-effective date interest on payments made to priority tax creditor); In re Hathaway Coffee House, 24 B.R. 534, 535-36 (Bankr S.D. Ohio 1982 (denying confirmation of plan that did not provide interest to priority tax creditors); In re Moore, 25 B.R. 131, 132-34 (Bankr. N.D. Tex. 1982) (providing that plan could only be confirmed under §1129(a)(9)(C) if IRS received interest on deferred payments of its priority tax claims).

       5.      Section 511(a) of the Bankruptcy Code provides that the interest paid pursuant to 1129(a)(9)(C) should be calculated pursuant to non-bankruptcy law, which in Missouri, is set forth in section 32.065, RSMo and 12 CSR 10-41.010.

       6.      MDOR further objects to the Plan on the ground that it does not set a deadline on the Debtors' obligation to pay priority tax creditors. The Plan only provides that priority tax claims will be paid 30 days after they are allowed or "as soon thereafter as is reasonably practicable." Section 1129(a)(9)(C)(ii), however, provides that all priority tax claims must be paid within five years of the Petition Date and no later.

WHEREFORE, the Missouri Department of Revenue requests that confirmation be denied until the above objections are remedied and for such other relief as the Court deems fit and proper.

Respectfully submitted,

Andrew Bailey, Attorney General
State of Missouri

By: /s/ James M. Treece
James M. Treece, Mo. Bar #65681
Special Assistant Attorney General
Missouri Department of Revenue
General Counsel's Office
301 W. High Street, Room 670
PO Box 475
Jefferson City, MO  65105-0475
(573) 751-5531 FAX (573) 751-7232
james.treece@dor.mo.gov
Attorney for Missouri Department of Revenue

.

4

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically and served upon all those who receive electronic notification on May 14, 2025.

/s/ James M. Treece
James M. Treece
Special Assistant Attorney General