## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SC HEALTHCARE HOLDING, LLC, *et al.*,[1] | Case No. 24-10443 (TMH) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 1410 |

## OBJECTION OF
## BERKADIA COMMERCIAL MORTGAGE LLC
## TO CONFIRMATION OF THE DEBTORS' COMBINED
## DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION

Berkadia Commercial Mortgage LLC ("Berkadia"), by and through its undersigned counsel, hereby files this objection (the "Objection")[2] to the *Debtors' Combined Disclosure Statement Chapter 11 Plan of Liquidation* [Docket No. 1410] (the "Plan").[3] In support of its Objection, Berkadia states as follows:

### BACKGROUND

1. On March 20, 2024 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition for relief under chapter 11 of 11 U.S.C. §§101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

---

[1] The last four digits of SC Healthcare Holding, LLC's tax identification number are 2584. The mailing address for SC Healthcare Holding, LLC is c/o Petersen Health Care Management, LLC 830 West Trailcreek Dr., Peoria, IL 61614. Due to the large number of debtors in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information will be made available on a website of the Debtors' proposed claims and noticing agent at www.kccllc.net/Petersen.

[2] Berkadia is in discussions with the Debtors regarding a possible consensual resolution of this Objection. Because the parties have not yet reached final resolution, Berkadia files this Objection out of an abundance of caution to preserve its rights ahead of the objection deadline.

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

2. As of the Petition Date, Debtor Petersen Roseville, LLC ("Roseville"), a single-asset entity, was liable to Berkadia under a HUD-insured loan facility in the original principal amount of $1,885,229.76 (the "Roseville Loan") secured by a first-priority mortgage lien on a health care facility in Roseville, Illinois known as the Roseville Rehabilitation & Health Care Center (the "Roseville Facility").[4]

3. As of the Petition Date, Debtors Roseville and Petersen Health Care – Roseville, LLC ("Roseville Operator") were obligated to Berkadia in the amount of $1,994,274.59 in principal and accrued but unpaid interest on the Roseville Loan, plus all accrued but unpaid prepetition attorneys' fees and expenses. Berkadia also holds a secured claim for all interest, fees, and expenses (including without limitation attorneys' fees and expenses) accruing after the Petition Date in connection with the Roseville Loan, as evidenced in Berkadia's proofs of claim filed on or about July 9, 2024. As of the Petition Date, Berkadia was holding as additional collateral for the Roseville Loan approximately $1,230,211.54 in reserves and escrows related to the Roseville Loan (the "Reserves"), on which Berkadia held a perfected lien by possession (the "Roseville Reserves"), which were reduced to $1,095,232 post-petition through payment of certain disbursements as provided in the Final DIP Order. The unpaid balance of the Roseville Loan as of the Petition Date, after reduction for the Roseville Reserves, is $899,042.59, plus all accrued but unpaid prepetition attorneys' fees and expenses. To the extent that the Roseville Loan was fully secured as of the Petition Date, Berkadia also is entitled to post-petition interest, fees and other amounts as provided in the applicable loan documents.

---

[4] Berkadia was also the lender under a HUD-insured loan facility in the original principal amount of $1,050,837.48 secured by a perfected first-priority mortgage lien on the real property and improvements thereon comprising the healthcare facility located at 1315 Curt Dr., Champaign, IL 61821, which was paid off pursuant to the Final DIP Order.

*4.* On May 14, 2024, the Court entered the Final DIP Order. The Final DIP Order granted the DIP Lender priming liens on certain DIP Collateral under Section 364(d)(1) to secure repayment of the DIP Obligations. *See* Final DIP Order ¶ 11(a)(i). However, the priming liens granted to the DIP Lender under the Final DIP Order did not extend to "Excluded HUD Mortgage Collateral." *See* Final DIP Order, ¶ 11(c) ("Notwithstanding anything herein or in the DIP Loan Documents to the contrary, the priming liens granted pursuant to section 364(d)(1) of the Bankruptcy Code in this Final Order shall not apply to encumber the Excluded HUD Mortgage Collateral (as defined below) owned by [the HUD Debtors including] Petersen Roseville, LLC.").

*5.* The "Excluded HUD Mortgage Collateral" is defined as:

> the "real property" portion of the HUD Lenders' collateral, with real property defined specifically to be the ground, buildings, fixtures (as defined in Article 9, § 102 of the UCC), together with, in each case related thereto (i) claims under any real property insurance and the proceeds thereof, (ii) condemnation claims, awards and proceeds; and (iii) any funds held by HUD Lenders in escrow or reserves relating to such real property or loan secured thereby ("<u>Reserves</u>")." For the avoidance of doubt, the Excluded HUD Mortgage Collateral does not include [enumerated personal property] or the going concern value of the Debtor's business operations . . .[5]

*See* Final DIP Order, ¶ 11(c).

*6.* Berkadia is a HUD Lender, and accordingly, its Prepetition Lien on the Roseville Facility "real property" was not primed by the DIP Liens. Nor was Berkadia's lien on the Roseville real property primed by any adequate protection liens that could be granted under the Final DIP Order.

*7.* On July 11, 2024, the Bankruptcy Court entered the Portfolio Sale Order approving the Sale (as defined in the Portfolio Sale Order). The Sale subsequently closed on December 9,

---

[5] Section 11(c) of the Final DIP Order further provides that "in the event of a dispute as to the valuation of any part of the Excluded HUD Mortgage Collateral, such part of the Excluded HUD Mortgage Collateral shall be valued on an unoccupied market value basis and shall not be valued as a going concern, in-use, or as-occupied basis . . ."

2024 (the "Closing Date') [Docket No.1072]. At Closing, after payment of closing costs, the Debtors received $1,126,876 in net proceeds from the sale of the Roseville facility (the "Roseville Net Proceeds"). The Debtors are required to hold the Roseville Net Proceeds in reserve pending further order of the Court. *See Order Approving Compromise and Agreement Between the Debtors, the Committee, and Column Financial, Inc.* [D.I. 1310] at ¶ 5 ("The Debtors shall reserve net sale proceeds from the sale of the Roseville Rehabilitation & Health Care Center facility in the amount of $1.12 million pending the entry of a further order of the Court regarding the amount distributable to Berkadia Commercial Mortgage LLC on account of its asserted secured claims and liens related to such sale proceeds"). The Plan reflects a balance of the "Sale Proceed Acct." of $9,182,137.90 as of April 16, 2025. See Plan, Exhibit C.

8.     On November 6, 2024, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Establishing Value of Prepetition Lenders' Secured Claims Against the Proceeds of Collateral, (II) Authorizing the Debtors to Allocate the Purchase Price Among the Acquired Assets in Accordance with the Buyer Allocations, and (III) Granting Related Relief* (the "Allocation Motion") [DI 978], which sought entry of an Order establishing the "value of the Prepetition Lenders' respective secured claims against the proceeds of their collateral, and thus the value of their respective secured claims attributable to the proceeds of such collateral" in accordance with the "Buyer Allocations" included in the Portfolio APA and attached as exhibits to the Allocation Motion. [DI 978, Exhibit A (Proposed Order), ¶ 2].

9.     The Buyer Allocation attached as Exhibit D to the Allocation Motion listed the allocable value of the Roseville Facility allocation in the amount of $1,485,000. *See* Allocation Motion, Exhibit D.

10. The Court entered an Order approving the Allocation Motion on February 21, 2025 ("Allocation Order"). [D.I. 1286]. As set forth in the Allocation Order, the allocated sale price of the Roseville Facility was $1,485,000 million.

11. On April 21, 2025, the Debtors filed the Plan. The Plan classifies Berkadia's secured claim in Class 1g, and proposes to treat Class 1g as follows:

> Except to the extent that Berkadia has agreed to a less favorable treatment of its Claim, and only to the extent that any such Allowed Berkadia Claim has not been paid in full prior to the Effective Date, Berkadia shall receive, up to the amount of the Allowed Berkadia Claim, (i) Cash in the amount of the Sales Proceeds attributable to Berkadia, and (ii) if the Berkadia Claim is secured by accounts receivable, all proceeds from collections of its accounts receivable collateral from December 5, 2024 and beyond, provided that all such proceeds shall be net of (a) the varying collection fees charged by any third-party collections agents engaged by the Debtors and (b) the Retained Collections, all as set forth on Schedule 1 attached hereto, with Berkadia's ratable portion of any unspent amount of the Retained Collections to be returned to Berkadia. Any Deficiency Claim held by Berkadia shall be placed in Class 4 and treated as set forth therein.
>
> The Debtors estimate that the aggregate amount of Allowed Berkadia Claims will be **not more than** approximately $698,127.63.
>
> Class 1g is Impaired and entitled to vote to accept or reject the Combined Plan and Disclosure Statement.

*See* Plan, p. 51 (emphasis added).

12. On May 21, 2025, Berkadia filed the *Motion of Berkadia Commercial Mortgage LLC for Allowance of Superpriority Administrative Expense Claim* [ECF No. 1599] seeking allowance and payment of a Consenting Lender 507(b) Claim in favor of Berkadia with priority over all other administrative expense claims, in the amount of no less than $428,748.37, or such other amount that represents the difference between the total Roseville Net Proceeds and the amount of Roseville Net Proceeds ultimately paid to Berkadia on account of the Roseville Loan (the "Berkadia 507(b) Claim").

## OBJECTION

13. There is no dispute that Berkadia is a secured creditor on account of the Roseville Loan, and accordingly there can be no dispute that Berkadia is entitled to payment of the Roseville Net Proceeds. Berkadia is a HUD Lender with a first priority lien on its Excluded HUD Mortgage Collateral (i.e., the Roseville real property) which was not, and cannot, be primed by the DIP Liens or any adequate protection liens under the Final DIP Order. Pursuant to the Sale Order, Berkadia's first priority lien has attached to the Roseville Net Proceeds, yet the Debtors' Plan does not provide for payment of Berkadia's claim in full. What's more, the Plan does not propose to satisfy any adequate protection claims that are entitled to superiority administrative expense status pursuant to the Final DIP Order, including the Berkadia 507(b) Claim. These facts alone show that the Plan cannot be confirmed.

14. The parties remain in disagreement about the amount of net proceeds payable to Berkadia. The Debtors have provided Berkadia with several versions of proposed net proceeds calculations; however, the parties remain in disagreement regarding those calculations and the associated expenses. This continued dispute is reflected in the Plan, where the Debtors estimate that the aggregate amount of Allowed Berkadia Claims will be "**not more than** approximately $698,127.63." Berkadia cannot support a Plan that fails to pay 100% of the Roseville Net Proceeds and satisfy its secured claim in full, and certainly not one that fails even to provide a sum certain for the amount of such claim and purports to cap repayment without any justification for doing so.

15. The Roseville Net Proceeds should have been reserved for and paid over to Berkadia after the Closing Date. Frustratingly, those amounts remain tied up in the Sale Proceed Account, while the Debtors continue to pay millions of dollars in administrative expenses ahead of Berkadia, including over $12 million to the Debtors' retained professionals alone:

| Professional | Fees | Expenses |
| --- | --- | --- |

| | | |
|---|---|---|
| Young Conaway Stargatt & Taylor LLP | $1,107,012.00 | $27,575.45 |
| Winston & Strawn LLP | $5,394,769.25 | $98,853.82 |
| Duane Morris LLP | $1,350,307.00 | $362.32 |
| Rubin Brown LLP | $748,104.22 | $3,431.68 |
| Getzler Henrich & Associates LLC | $3,473,646.50 | $73,868.96 |
| **Total** | $12,073,838.97 | $204,092.23 |

16. Alarmingly, based on the information presently available to Berkadia and communications with the Debtors, it does not appear that the Debtors have sufficient cash on hand to fund the payment of administrative expense claims and pay secured creditors the full amount of their secured claims on the net sale proceeds. Until the Debtors agree to the amount of Berkadia's secured claim, provide for its payment and the payment of the Berkadia 507(b) Claim in full under the Plan, and prove they have sufficient cash to pay other administrative claims in full without invading Berkadia's collateral, the Plan should not be confirmed.

**WHEREFORE** Berkadia respectfully requests that the Court sustain this Objection, deny confirmation of the Plan, and grant such other relief as is just and proper.

Dated: May 23, 2025

**TROUTMAN PEPPER LOCKE LLP**

*/s/ David M. Fournier*
David M. Fournier (DE No. 2812)
Hercules Plaza, Suite 1000
1313 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 777-6500
Email: david.fournier@troutman.com

-and-

Matthew R. Brooks (admitted *pro hac vice*)
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
Email: matthew.brooks@troutman.com

*Counsel to Berkadia Commercial Mortgage LLC*