IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>SC Healthcare Holding, LLC, *et al.,* [1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10443 (TMH)<br><br>(Jointly Administered)<br>D.I. 1410, 1413 & 1414<br><br>Hearing Date: May 30, 2025 @ 10:00 a.m.<br>Obj. Deadline: May 23, 2025 @ 4:00 p.m. |

**OBJECTION OF THE UNITED STATES TRUSTEE
TO CONFIRMATION OF DEBTORS' COMBINED
DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION**

Andrew R. Vara, United States Trustee for Region 3 (the "U.S. Trustee"), through his undersigned counsel, files this objection to confirmation of the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (D.I. 1410) (the "Combined Plan"), and in support thereof respectfully states:

**PRELIMINARY STATEMENT**

1. The U.S. Trustee objects to confirmation of the Combined Plan for the following reasons:

- First, the Debtors have the burden of proof regarding the proposed substantive consolidation of the Debtors and the feasibility of the Combined Plan. Absent a sufficient record that meets this burden, the Plan cannot be confirmed.

---

[1] The last four digits of SC Healthcare Holding, LLC's tax identification number are 2584. The mailing address for SC Healthcare Holding, LLC is c/o Petersen Health Care Management, LLC 830 West Trailcreek Dr., Peoria, IL 61614. Due to the large number of debtors in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information will be made available on a website of the Debtors' proposed claims and noticing agent at www.kccllc.net/Petersen, or by contacting the undersigned proposed counsel for the Debtors.

- Second, the Combined Plan fails to provide for proper payment of required post-effective date quarterly fees.

2. For these reasons, the U.S. Trustee respectfully requests that the Court enter an order denying confirmation of the Combined Plan and Disclosure Statement.

## JURISDICTION AND STANDING

3. This Court has jurisdiction to hear and determine the Combined Plan and this Objection pursuant to: (i) 28 U.S.C. § 1334; (ii) applicable order(s) of the United States District Court of the District of Delaware issued pursuant to 28 U.S.C. § 157(a); and (iii) 28 U.S.C. § 157(b)(2).

4. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of chapter 11 cases filed in this judicial district. The duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the Courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

5. The U.S. Trustee has standing to be heard on the confirmation of the Combined Pan pursuant to 11 U.S.C. § 307. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## BACKGROUND

**The Chapter 11 Cases**

6. On March 20, 2024, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7. On March 22, 2024, the Court entered an order authorizing joint administration of the Debtors' chapter 11 cases [D.I. 79].

2

8. On April 9, 2024, the U.S. Trustee appointed a statutory committee of unsecured creditors in these cases [D.I. 131].

**The Combined Plan**

9. On March 25, 2025, the Debtors filed their *Motion for Entry of an Order (I) Approving the Combined Plan and Disclosure Statement on an Interim Basis for Solicitation Purposes Only; (II) Establishing the Deadline for Administrative Expenses Claims; (III) Establishing Solicitation and Voting Procedures; (IV) Approving the Form of Ballots and Solicitation Materials; (V) Establishing the Voting Record Date; (VI) Fixing the Date, Time, and Place for the Combined Hearing and the Deadlines for Filing Objections Thereto; and (VII) Granting Related Relief* [D.I. 1366] (the "Procedures Motion").

10. On April 21, 2025, this Court entered an order approving the Procedures Motion [D.I. 1413].

11. The Combined Plan proposes to establish a Liquidation Trust to distribute net proceeds of the Liquidating Trust Assets for the benefit of unsecured creditors.

**ARGUMENT**

**I. Substantive Consolidation**

12. Through the Combined Plan, the Debtors seek to substantively consolidate their estates. Combined Plan, Article VIII.B. The Debtors have the burden of proof regarding substantive consolidation.

13. The Third Circuit Court of Appeals enunciated the standard for substantive consolidation in *In re Owens Corning*, 419 F.3d 195 (3d Cir. 2005). The Court stated that, "[i]n our Court what must be proven (absent consent) concerning the entities for whom substantive consolidation is sought is that (i) prepetition they disregarded separateness so significantly their creditors relied on the breakdown of entity borders and treated them as one

3

legal entity, or (ii) post-petition their assets and liabilities are so scrambles that separating them is prohibitive and hurts all creditors." *Owens Corning*, 419 F.3d at 211.

14. The Third Circuit further stated that "[p]roponents of substantive consolidation have the burden of showing one or the other rationale for consolidation. The second rationale needs no explanation. The first, however, is more nuanced. A prima facie case for it typically exists when based on the parties' prepetition dealings, a proponent proves corporate disregard creating contractual expectations of creditors that they were dealing with debtors as one indistinguishable entity." *Id.* (citations omitted).

15. Because an evidentiary predicate is necessary on whether the elements required for substantive consolidation have been met, the U.S. Trustee reserves argument on these issues until the record on the hearing of the Motion is closed.

## II.  Feasibility

16. Bankruptcy Code section 1129(a)(11) provides that the court shall confirm a plan only if confirmation "is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(1). This section of the Bankruptcy Code is also "referred to as the feasibility requirement." *In re Mallinckrodt PLC*, 639 B.R. 837, 894 (Bankr. D. Del. 2022).

17. The Debtors are delinquent in filing their required monthly operating reports; reports are currently due for the months of February, March and April 2025. Without accurate and timely financial information, creditors are unable to properly assess the feasibility of the Combined Plan.[2] The lack of timely reporting has hindered the ability of the U.S. Trustee

---

[2] The failure to file the monthly operating reports also constitutes grounds for conversion or dismissal of the case. *See* 11 U.S.C. § 1112(b)(4).

and creditors to assess the feasibility of the Combined Plan. The Court should deny confirmation until such time as all outstanding monthly operating reports are filed.

18. Upon information, the Debtors have little unrestricted cash to fund the required payments on the Effective Date.

19. Because an evidentiary predicate is necessary on whether the Combined Plan is feasible, the U.S. Trustee reserves argument on these issues until the record on the hearing of the Motion is closed.

**III. The Combined Plan Does Not Properly Provide for Post-Confirmation Payment of Quarterly Fees**

20. The Court should deny confirmation because the Combined Plan does not properly provide for the post-confirmation payment of quarterly fees.

21. Article IV.O. of the Combined Plan provides:

> All Statutory Fees incurred prior to the Effective Date shall be paid by the Debtors on the Effective Date or when due, if due after the Effective Date. The Debtors shall file with the Bankruptcy Court such reports required by the U.S. Trustee until such time that the Chapter 11 Cases are closed, dismissed, or converted to cases under Chapter 7 of the Bankruptcy Code

22. Section 1129(a)(12) of the Bankruptcy Code provides that the Court shall confirm a plan only if "[a]ll fees payable under section 1930 of title 28, as determined by the court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the plan." 28 U.S.C. § 1930(a)(6) provides that "[e]xcept as provided in subparagraph (B), in addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 other than under subchapter V for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever occurs first."

23.   Under 28 U.S.C. § 1930(a)(6), quarterly fees are based on "disbursements." As "disbursement" is not defined in the statute, it is interpreted "in accordance with its 'ordinary, contemporary, common meaning.'" *In re Genesis Health Ventures, Inc.*, 402 F.3d 416, 421 (3d Cir. 2005) (citations omitted). "'Disburse' is defined as 'to expend' or 'to pay out.'" *Id*. "Payments made on behalf of a debtor, whether made directly or indirectly through centralized disbursing accounts, constitute that particular debtor's disbursements for the purpose of quarterly fee calculations under § 1930(a)(6)." *Id.* at 422.

24.   If the Combined Plan is confirmed and goes effective, the Litigation Trust will be funded with Liquidating Trust Assets, which includes cash and causes of action, which will then be distributed to creditors/trust beneficiaries. The Plan Administrator is responsible to collect accounts receivable, wind-down the estates, and make certain distributions and payments.

30.   The Combined Plan cannot be confirmed because Art. XVII. C. violates 28 U.S.C. § 1930(a)(6). Specifically, the Combined Plan fails to include language specifying that the Litigation Trustee and the Plan Administrator shall, in addition to the Debtors, file separate UST Form 11-PCR reports and pay quarterly fees after the Effective Date. In effect, Art. IV.O. would appear to exclude all post-confirmation distributions or expenditures made by the Litigation Trust or Plan Administrator from the "disbursements" made in the case for purposes of calculating the statutorily-mandated fee that must be paid in the Debtors' case every quarter. As quarterly fees are not calculated upon the transfer to the Litigation Trust of non-cash assets such as causes of action, Art. IV.O. would allow those non-cash assets to be liquidated post-confirmation and disbursed to creditor-beneficiaries or Litigation Trust vendors without ever being included in calculating quarterly fees. The distribution or payment of such proceeds are "disbursements" for purposes of 28 U.S.C. § 1930(a)(6) because they will be made by or on behalf of the Debtors.

31. If non-cash assets are later reduced to cash post-effective date, then the proceeds are disbursements when they are ultimately expended or paid out. *See*, *e.g.*, *In re Quality Truck & Diesel Injection Serv., Inc.*, 251 B.R. 682, 688-89 (S.D. W.Va. 2000) (reversing bankruptcy court ruling that disbursements were limited to disbursements made pursuant to confirmed plan, and holding that disbursements include ordinary-course disbursements post-confirmation); *In re Health Diagnostic Lab., Inc.*, 2023 WL 105586 at *4 (Bankr. E.D. Va. Jan. 4, 2023) (disbursements must include all distributions made by liquidating trustee pursuant to plan to debtors' creditors on account of their allowed claims against debtors' estates); *In re Pettibone Corp.*, 244 B.R. 906, 922 (Bankr. N.D. Ill. 2000) (despite plan not specifically providing for post-confirmation quarterly fees, such fees must be paid on plan distributions: "Congress plainly intended the statute to cover post-confirmation plan 'distributions[.]'"), *rev'd in part by U.S. Trustee v. Pettibone Corp.*, 251 B.R. 335, 340 (N.D. Ill. 2000) (bankruptcy court erred in limiting quarterly fees to payments made pursuant to confirmed plan; "The legislative history of the January 1996 amendment reveals that Congress intended the term 'disbursements' to include post-confirmation disbursements and that the term should be interpreted broadly."); *In re Wintersilks, Inc.*, 243 B.R. 351 (Bankr. W.D. Wis. 1999) (quarterly fees measured on plan distributions but not on ordinary-course disbursements post-effective date), *rev'd by In re Wintersilks, Inc.*, 2000 WL 34236011 at *6 (W.D. Wis. June 2, 2000) (disbursements not limited to plan distributions)); *In re CSC Indus., Inc.*, 226 B.R. 402, 404 (Bankr. N.D. Ohio 1998) (holding liquidating trustee responsible for paying quarterly fees despite plan and liquidating trust agreement not specifically addressing such payments; liquidating trust "has essentially stepped into the shoes of the original debtor and is therefore liable for any such [quarterly] fees which may be imposed.").

32. The U.S. Trustee is not seeking to "double-dip" on quarterly fee payments. The

transfer or vesting of unliquidated assets to or in a post-confirmation entity is not a "disbursement" under 28 U.S.C. § 1930(a)(6). The U.S. Trustee does not seek to count such a transfer or vesting of unliquidated assets as a disbursement now. Rather, the disbursement will occur for purposes of 28 U.S.C. § 1930(a)(6) when the cash proceeds of such assets are expended or paid out.[3]

## RESERVATION OF RIGHTS

29. The U.S. Trustee leaves the Debtors to their burden of proof and reserves any and all rights to (i) amend or supplement this Objection and (ii) conduct discovery.

---

[3] To the extent *In re Paragon Offshore plc*, 629 B.R. 227 (Bankr. D. Del. 2021) suggested that non-cash transfers can be included as "disbursements" for purposes of 28 U.S.C. § 1930(a)(6), it was wrong; only payments of money are included in calculating the statutorily-mandated quarterly fee. In a more recent case, Judge Huennekens of the Bankruptcy Court for the Eastern District of Virginia distinguished *Paragon* as not only "not binding" but "also factually distinguishable" because "[t]he decision in *Paragon* was based on a concern that the U.S. Trustee was 'double-dipping.'" *See In re Health Diagnostic Lab., Inc.*, No. 15-32919-KRH, 2023 WL 105586, at *4 (Bankr. E.D. Va. Jan. 4, 2023). In that case, the liquidating trustee argued that "distributions of moneys he holds in trust to the beneficiaries of the trust are not disbursements because the beneficiaries are the equitable owners of the trust's assets." *Id*. at *3. Judge Huennekens rejected that argument because, "as the U.S. Trustee observe[d], quarterly fees could be virtually eliminated by the simple expedient of transferring assets from the bankruptcy estate to a post-confirmation entity for subsequent payment." *Id*. at *4. Citing "[t]he majority of courts that have considered this issue" (which are also cases cited by the U.S. Trustee in this objection), Judge Huennekens "conclude[d] that the Liquidating Trustee is required to pay quarterly fees on the distributions he makes to the trust beneficiaries." *Id*. The U.S. Trustee is not aware of any published or electronically available decisions that have adopted *Paragon*'s reasoning.

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court enter an order denying confirmation of the Combined Plan and granting such other and further relief as the Court deems just and equitable.

| | |
|---|---|
| Dated: May 23, 2025<br>Wilmington, Delaware | Respectfully submitted,<br><br>**ANDREW R. VARA**<br>**UNITED STATES TRUSTEE**<br>**REGIONS 3 & 9**<br><br>By: */s/ Linda J. Casey*<br>Linda J. Casey<br>Trial Attorney<br>United States Department of Justice<br>Office of the United States Trustee<br>J. Caleb Boggs Federal Building<br>844 King Street, Suite 2207, Lockbox 35<br>Wilmington, DE 19801<br>(302) 573-6491 (Phone)<br>(302) 573-6497 (Fax)<br>Linda.Casey@usdoj.gov |