IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>SC HEALTHCARE HOLDING, LLC,<br>*et al.*,<br><br>          Debtors. | Chapter 11<br><br>Case Nos. 24-10443 (TMH), *et seq.*<br>Jointly Administered |

**ROBERT GREGORY WILSON'S LIMITED OBJECTION
TO CONFIRMATION OF DEBTORS' COMBINED DISCLOSURE
STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION**
*(relates to Docket No. 1410)*

    Robert Gregory Wilson ("Respondent"), by his undersigned attorneys, hereby files this limited objection to confirmation of the Debtors' Combined Disclosure Statement And Chapter 11 Plan Of Liquidation (Docket No. 1410) (the "Plan") proposed by the above-captioned debtors in possession (the "Debtors"), and in support hereof states as follows:

    1.    On March 20, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have managed their affairs and remained in possession of their assets as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. Respondent is a former executive of the Debtors. As part of his compensation, Respondent is entitled to receive the benefits of a certain life insurance policy issued by AXA Equitable, Policy No. 151 223 331[1] for which he is the insured beneficiary (the "Policy"), believed to be currently in the name of one or more of the Debtors. Respondent has been told numerous times, both before and after the Petition Date, that the Policy would be legally transferred to him, but to date the transfer has not yet occurred. Respondent was told that due to the heavy activity of the Plan confirmation process, it would be transferred afterwards.

3. Respondent completed his employment with the Debtors properly and his termination was not due to any misconduct on his part.

4. Movant asserts that he has the legal or equitable right to compel the transfer of the Policy, but he is hopeful the Debtors will simply transfer it after the Plan is confirmed.

5. Under the Plan, however, most assets of the Debtors (included in the definition of "Liquidating Trust Assets," Plan III.A.) will vest in the Liquidating Trust on the Effective Date of the Plan. Plan VIII.E.3. The Policy is

---

[1] To the best of the Respondent's knowledge this is the number of the Policy, but the Respondent reserves his rights as to the correct current policy number, in the event the policy number has been incorrectly identified.

-3-

presumably included among those assets, and allowing the Policy to vest in the Liquidating Trust free and clear would impair Movant's rights in it.

6. Therefore, Movant requests that confirmation of the Plan be conditioned upon the transfer of the Policy to Movant.

| | |
|---|---|
| Dated: May 23, 2025<br>Wilmington, Delaware | Respectfully submitted,<br><br>HILLER LAW, LLC<br><br> /s/ Adam Hiller <br>Adam Hiller (DE No. 4105)<br>300 Delaware Avenue, Suite 210, #227<br>Wilmington, Delaware 19801<br>(302) 442-7677 telephone<br>ahiller@adamhillerlaw.com<br><br>*Attorney for Robert Gregory Wilson* |