IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re** | Chapter 11 |
| **SC HEALTHCARE HOLDING, LLC *et al.*,** | Case No. 24-10443 (TMH) |
| **Debtors.**[1] | Jointly Administered |
| | **Hearing Date: TBD** <br> **Objection Deadline: TBD**[2] |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) CONVERTING THE DEBTORS' CHAPTER 11 CASES TO CASES
UNDER CHAPTER 7, (II) ESTABLISHING A DEADLINE FOR FILING FINAL
CHAPTER 11 FEE APPLICATIONS, AND (III) GRANTING RELATED RELIEF**

The debtors and debtors in possession in the above-captioned cases (each, a "Debtor", and collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):[3]

**RELIEF REQUESTED**

1. In the event that the Debtors are unable to prosecute and confirm the Plan at the Combined Hearing on May 30, 2025, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) converting the Debtors' chapter 11 cases (these "Chapter 11 Cases") to cases under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), effective as of June 2, 2025 (the "Conversion Date"),

---

[1] The last four digits of SC Healthcare Holding, LLC's tax identification number are 2584. The mailing address for SC Healthcare Holding, LLC is c/o Petersen Health Care Management, LLC, PO Box 620, Delavan, IL 61734. Due to the large number of Debtors in the Chapter 11 Cases, whose cases are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information is available on a website of the Debtors' Claims and Noticing Agent at www.kccllc.net/Petersen.

[2] The Debtors intend to seek to have this Motion heard on shortened notice in accordance with the Local Rules (defined below).

[3] Capitalized terms utilized but not otherwise defined herein shall have the meaning ascribed to them in the Combined Plan and Disclosure Statement (as defined below).

33213412.3

(ii) establishing a deadline for professionals to file final chapter 11 fee applications and setting a hearing thereon, and (iii) granting related relief. In support of this Motion, the Debtors rely on the *Declaration of David Campbell in Support of Debtors' Motion for Entry of an Order (I) Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing a Deadline for Filing Final Chapter 11 Fee Application, and (III) Granting Related Relief* (the "Campbell Declaration"), filed contemporaneously herewith.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to a final order with respect to this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409

4. The statutory and legal predicates for the relief requested herein are section 1112(a) of the Bankruptcy Code, Rule 1017(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2002-1.

## BACKGROUND

**A.    General Background**

5. On March 20, 2024 (the "Petition Date"), the Debtors each commenced with the Court a voluntary case under the Bankruptcy Code. The Debtors, with the exception of some

33213412.3

2

inactive entities, are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On April 9, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee"). On April 16, 2024, the U.S. Trustee appointed a patient care ombudsman [Docket No. 160] (the "Patient Care Ombudsman") in these Chapter 11 Cases. No trustee or examiner has been appointed in these Chapter 11 Cases.

7. The factual background regarding the Debtors, including their business operations, capital and debt structure, and the events leading to the filing of these Chapter 11 Cases, is set forth in more detail in the *Declaration of David R. Campbell in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 44].

**B.    The Combined Plan and Disclosure Statement**

8. After extensive negotiations between the Debtors and other parties in interest, including the Committee and certain of the Debtors' secured creditors, on March 25, 2025, the Debtors filed the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 1365] (as may be amended, modified and/or supplemented from time to time, the "Plan", the "Disclosure Statement", or the "Combined Plan and Disclosure Statement", as applicable). Contemporaneously therewith, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Approving the Combined Plan and Disclosure Statement on an Interim Basis for Solicitation Purposes Only; (II) Establishing the Deadline for Administrative Expenses Claims; (III) Establishing Solicitation and Voting Procedures; (IV) Approving the Form of Ballots and Solicitation Materials; (V) Establishing the Voting Record Date; (VI) Fixing the Date, Time, and Place for the Combined Hearing and the Deadlines for Filing Objections Thereto; and*

33213412.3

*(VII) Granting Related Relief* [Docket No. 1366] seeking approval of the Combined Plan and Disclosure Statement pursuant to Local Rule 3017-2.

9. On April 21, 2025, the Court entered an order [Docket No. 1413] (the "Interim Approval and Procedures Order") (a) approving the Disclosure Statement on an interim basis, (b) scheduling a combined hearing to approve the Disclosure Statement on a final basis and to confirm the Plan, and (c) establishing procedures for solicitation of the Plan and tabulation of votes to accept or reject the Plan. Among other things, the Interim Approval and Procedures Order established May 16, 2025 as the Voting Deadline.

10. Since the Interim Approval and Procedures Order was entered, the Debtors have been working diligently to reach a global settlement with key parties in interest that would create a path to confirmation of the Plan at the Combined Hearing. While those negotiations remain ongoing, and the Debtors remain optimistic, to the extent the necessary settlements cannot be reached ahead of the Combined Hearing, the Debtors believe that conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code will be the appropriate path forward and in the best interests of the Debtors' estates and stakeholders.

11. As of the Voting Deadline, Classes 1a and 1b voted to accept the Plan and Classes 1g and 1j voted to reject the Plan; the other Class 1 subclasses did not vote. With respect to Class 4, 90.48% of the Holders of Class 4 General Unsecured Claims voted to accept the Plan. *See* Campbell Declaration ¶ 8.

**C.    Administrative Expense Claim Motions**

12. On May 21, 2025, three separate motions for approval of administrative expenses were filed by each of (i) Hartford Fire Insurance Company [Docket No. 1595], asserting an administrative expense claim pursuant to section 503(b) of the Bankruptcy code for not less than $107,861.34; (ii) Wells Fargo Bank, N.A. [Docket No. 1598], asserting a priority administrative

expense claim in the amount of not less than $1,027,175; and (iii) Berkadia Commercial Mortgage LLC [Docket No. 1599], asserting a priority administrative expense claim pursuant to section 507(b) of the Bankruptcy Code of not less than $428,748.37 (collectively, the "Administrative Expense Claim Motions")

13. While the Debtors do not believe that the Administrative Expense Claim Motions assert administrative claims that are valid, until such claims can be reconciled, challenged by the Debtors, and ultimately disallowed, the Debtors do not have the necessary funds to pay such claims.

**D.    New Operator Withholdings**

14. At the closing of the Sale to Petersen Acquisitions, LLC and certain other operator entities (collectively the "New Operators"), the Debtors and the New Operators agreed to escrow, among certain other amounts, $2.5 million dollars (the "CMS Escrow") for certain suspended amounts potentially owed to the Centers for Medicare and Medicaid Services ("CMS") in the future. *See* Campbell Declaration ¶ 11. To date, there have not been amounts owed to CMS that would require the expenditure of the full CMS Escrow and the amounts in the CMS Escrow remain in escrow despite the Debtors request for its release on multiple occasions. *Id.* Without the release of the CMS Escrow to the Debtors' estates, the Debtors cannot make the projected payments to their secured creditors. *Id.*

15. Pursuant to those Interim Management Agreements executed between the Debtors and the New Operators, the parties negotiated a process by which the New Operators are obligated to reimburse the Debtors for certain invoiced payments, payroll expenses, insurance payments, and other operational expenses borne by the Debtors. *See* Docket No. 971. To date, the New Operators continue to hold $372,706.46 that is due and owing to the Debtors for such

33213412.3

5

expenditures. *See* Campbell Declaration ¶ 12. Without access to those amounts, which are the property of the Debtors' estates, the Debtors' cash flow is limited.

16. The Debtors have undertaken all efforts to maximize value through these Chapter 11 Cases. The Plan is the result of those efforts and the Debtors continue to believe that confirmation of the Plan is the best outcome for all stakeholders. While the Debtors will continue to diligently pursue their various negotiations in an effort to pave the way for confirmation of the Plan, if such negotiations are unsuccessful, including the settlement of the Administrative Expense Claim Motions already on file and the payment of the withheld funds from the New Operators, the Debtors will not have the necessary funds to pay all administrative claims and/or demonstrate feasibility to confirm a Plan. *See* Campbell Declaration ¶ 9. Therefore, if the Debtors are unable to resolve the issues necessary for confirmation of the Plan and to pursue confirmation at the Combined Hearing, these Chapter 11 Cases should be expeditiously converted to cases under chapter 7 of the Bankruptcy Code.

**BASIS FOR RELIEF**

17. Section 1112(a) of the Bankruptcy Code provides that a debtor may convert a case to chapter 7 as a matter of right. *See* H.R. Rep. No. 95-595, 1st Sess. 405 (1977) ("Subdivision (a) gives the debtor an absolute right to convert a voluntarily commenced chapter 11 case in which the debtor remains in possession to a liquidation case"); S. Rep. No 95-989, 95th Cong., 2d Sess. 117 (1978) (same); *see also Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1161 (5th Cir. 1988) ("A debtor has the absolute right to convert [its] Chapter 11 case to a Chapter 7 case[.]"). There are only three circumstances where a debtor is precluded from exercising that right: (i) the debtor is not a debtor in possession; (ii) the case was originally commenced as an involuntary case under chapter 11; or (iii) the case was converted to a case under

chapter 11 other than at the debtor's request. 11 U.S.C. § 1112(a). None of those exceptions are applicable in these Chapter 11 Cases. Therefore, the Debtors are entitled, as an absolute right, to convert these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code.

18. If the Debtors are unable to pursue confirmation of the Plan at the Combined Hearing—which the Debtors submit is the best outcome for all stakeholders—then conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code is in the best interests of the Debtors' estates. The Debtors have maximized value during these Chapter 11 Cases—demonstrated by the successful sale of substantially all of the Debtors' assets and the equitable proposed allocations of the Sales Proceeds as set forth in the Plan. However, these Chapter 11 Cases have been ongoing for over fourteen (14) months and, after the Sale of substantially of the Debtors' assets, there is no longer any revenue generating business generating cash for the Debtors' estate. *See* Campbell Declaration ¶ 8. At this point, with no incoming cash other than limited amounts collected on outstanding accounts receivable and the cash and CMS Escrow being withheld by the New Operators, the Debtors will not have sufficient funding remaining to pay all administrative expense claims that arise should these Chapter 11 Cases extend substantially after May 30, 2025. *Id.* Therefore, absent confirmation of the Plan on the time frame contemplated by the Interim Approval and Procedures Order, conversion is in the best interests of the Debtors' estates. Without the ability to fund administrative expenses much past May 30, 2025, the Debtors would, by extension, be unable to prosecute and confirm the Plan.

19. The Debtors further request that the Court establish July 11, 2025, as the deadline for professionals to file their final chapter 11 fee applications and statements (the "<u>Final Fee Bar Date</u>"). This will enable the Debtors' estates to definitively determine the final amounts owed to professionals for the Professional Fees and Expenses to be paid from the amounts retained under

33213412.3

the Budget. The Debtors also request that the Court establish a hearing date to consider approval of final fee applications, at the Court's earliest convenience subsequent to the Final Fee Bar Date.

**NOTICE**

20. The Debtors have provided notice of this Motion to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the Prepetition Lenders; (h) counsel to the Patient Care Ombudsman; and (i) any party that has requested, or is required to receive, notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

21. A copy of this Motion is available on (i) the Court's website, at https://www.deb.uscourts.gov, and (ii) the website maintained by the Debtors' claims and noticing agent at www.kccllc.net/Petersen.

[*Remainder of page intentionally left blank*]

33213412.3

8

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested herein and such other relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: May 27, 2025<br>Wilmington, Delaware | Respectfully submitted,<br><br>**YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Shella Borovinskaya*<br>Andrew L. Magaziner (No. 5426)<br>Shella Borovinskaya (No. 6758)<br>Carol E. Thompson (No. 6936)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: amagaziner@ycst.com<br>sborovinskaya@ycst.com<br>cthompson@ycst.com<br><br>and<br><br>**WINSTON & STRAWN LLP**<br>Daniel J. McGuire (admitted *pro hac vice*)<br>Gregory M. Gartland (admitted *pro hac vice*)<br>35 W. Wacker Drive<br>Chicago, IL 60601<br>Telephone: (312) 558-5600<br>Facsimile: (312) 558-5700<br>Email: dmcguire@winston.com<br>Email: ggartland@winston.com<br><br>and<br><br>Carrie V. Hardman (admitted *pro hac vice*)<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: (212) 294-6700<br>Facsimile: (212) 294-4700<br>Email: chardman@winston.com<br><br>*Counsel for the Debtors and Debtors in Possession* |

33213412.3