# EXHIBIT A

**Proposed Order**

33213412.3

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re** | Chapter 11 |
| **SC HEALTHCARE HOLDING, LLC *et al.*,** | Case No. 24-10443 (TMH) |
| **Debtors.**[1] | Jointly Administered |
| | Ref. Docket No.: |

### ORDER (I) CONVERTING THE DEBTORS' CHAPTER 11 CASES TO CASES UNDER CHAPTER 7, (II) ESTABLISHING A DEADLINE FOR FILING FINAL CHAPTER 11 FEE APPLICATIONS, AND (III) GRANTING RELATED RELIEF

Upon consideration of the *Debtors' Motion for Entry of an Order (I) Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing a Deadline for Filing Final Chapter 11 Fee Applications, and (III) Granting Related Relief* (the "Motion")[2] filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); and this Court having reviewed the Motion; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the Amended Standing Order; and this Court having found that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found

---

[1] The last four digits of SC Healthcare Holding, LLC's tax identification number are 2584. The mailing address for SC Healthcare Holding, LLC is c/o Petersen Health Care Management, LLC, PO Box 620, Delavan, IL 61734. Due to the large number of Debtors in the Chapter 11 Cases, whose cases are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information is available on a website of the Debtors' Claims and Noticing Agent at www.kccllc.net/Petersen.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

33213412.3

that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and upon the record of the hearing on the Motion, if any; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors and their estates, their creditors, and all other parties in interest; and this Court having determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Effective as of June 2, 2025 (the "Conversion Date"), these Chapter 11 Cases shall be converted to cases under chapter 7 of the Bankruptcy Code.

3. Professionals shall file final statements and applications for compensation (including, without limitation, fees and expenses that are not the subject of any previous application, and any "holdback" retained in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [Docket No. 235]) (collectively, the "Fee Applications") on or before **July 11, 2025**, or be forever barred from receiving any such compensation. Objections, if any, to a Fee Application must be filed and served on counsel to the Debtors, the chapter 7 trustee once appointed, and the party filing such Fee Application, so as to be actually received on or before **July 25, 2025, at 4:00 p.m. (ET)**. A hearing on such timely filed final Fee Applications shall be held before this Court on _____, 2025 at ___:___ __.m. (ET).

4. The Debtors shall:

   (a) on or before seven (7) days of the Conversion Date, turn over to the chapter 7 trustee all records and property of the estate under their custody and control as required by Bankruptcy Rule 1019(4);

33213412.3

2

      (b) within fourteen (14) days of the Conversion Date, as required by Bankruptcy Rule 1019(5), file a schedule of unpaid debts incurred after the Petition Date and before the Conversion Date, which schedule shall include the name and address of each creditor holding any such debt; and

      (c) within thirty (30) days of entry of the Conversion Date, as required by Bankruptcy Rule 1019(5), file and transmit a final report and account to the Office of the United States Trustee for the District of Delaware.

5. Upon the Debtors' turnover of all records and property of the estates under their custody and control to the chapter 7 trustee as required by paragraph 4(a) hereof, the chapter 7 trustee shall continue to preserve all financial and operational books and records, emails, and other financial and operational documents relating to the Debtors' business that were in the Debtors' possession prior to such turnover. The chapter 7 trustee shall not destroy or otherwise abandon any such documents or records without seeking authorization from this Court.

6. Nothing in this Order or the conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code shall affect or modify the terms of the final DIP order [Docket No. 313], any sale order, or any order of this Court (or any documents related thereto) entered during these Chapter 11 Cases, and all rights and remedies in connection with such orders shall be preserved in their entirety.