# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | Chapter 11 |
| **SC HEALTHCARE HOLDING, LLC** *et al.*, | Case No. 24-10443 (TMH) |
| Debtors.[1] | Jointly Administered |
| | **Ref. Docket No. 1727** |

## ORDER (I) APPROVING THE DISMISSAL OF CERTAIN OF THE DEBTORS' CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order"), pursuant to sections 105(a), 305(a), 349, and 1112(b) of the Bankruptcy Code and Bankruptcy Rule 1017, (i) dismissing the El Paso Receivership Debtors' Chapter 11 Cases and (ii) granting related relief; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that due and proper notice of the Motion and the hearing thereon was adequate and appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the

---

[1] The last four digits of SC Healthcare Holding, LLC's tax identification number are 2584. The mailing address for SC Healthcare Holding, LLC is c/o Petersen Health Care Management, LLC, P.O. Box 620, Delavan, IL 61734. Due to the large number of debtors in these Chapter 11 Cases, whose cases are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information is available on a website of the Debtors' claims and noticing agent at www.kccllc.net/Petersen.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Motion; and upon the Motion and the record of any hearing on the Motion, as applicable; and this Court having determined that the legal and factual bases set forth in the Motion and at any applicable hearing establish just cause for the relief granted herein and that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, the Chapter 11 Cases of: (i) El Paso HCC, LLC (Case No. 24-10553); (ii) Flanagan HCC, LLC (24-10562); (iii) Kewanee AL, LLC (24-10576); (iv) Knoxville AL, LLC (Case No. 24-10579); (v) Legacy Estates AL, LLC (Case No. 24-10454); (vi) Marigold HCC, LLC (Case No. 24-10474); (vii) Monmouth AL, LLC (Case No. 24-10457); (viii) Polo, LLC (Case No. 24-10508); (ix) El Paso HCO, LLC (Case No. 24-10556); (x) Flanagan HCO, LLC (Case No. 24-10565); (xi) CYE Kewanee HCO, LLC (Case No. 24-10496); (xii) CYE Knoxville HCO, LLC (Case No. 24-10501); (xiii) Legacy HCO, LLC (Case No. 24-10459); (xiv) Marigold HCO, LLC (Case No. 24-10479); (xv) CYE Monmouth HCO, LLC (Case No. 24-10510); and (xvi) Polo HCO, LLC (Case No. 24-10505) are dismissed, effective as of the date of this Order.

3. Notwithstanding section 349 of the Bankruptcy Code, the X-Caliber Order, the X-Caliber Stipulation, and the Confirmation Order shall remain in full force and effect with respect to the El Paso Receivership Debtors, to the extent applicable as set forth therein, and shall survive the dismissal of the El Paso Receivership Debtors' Chapter 11 Cases.

4. To the extent applicable, each professional person's retentions by the El Paso Receivership Debtors' estates in these Chapter 11 Cases is terminated, effective immediately, without the need for further action on the part of this Court, the Debtors, or such firms.

5. The Debtors and the Clerk of Court are hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

6. The Clerk of the Court shall enter this Order individually on each of the dockets of the El Paso Receivership Debtors' Chapter 11 Cases and, thereafter, each docket shall be marked as "Closed."

7. To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived, and this Order shall be effective and enforceable immediately upon entry.

8. Notwithstanding the dismissal of the El Paso Receivership Debtors' Chapter 11 Cases, this Court shall retain jurisdiction over all matters arising from or related to the interpretation, implementation, and enforcement of this Order and any other order of this Court entered in these Chapter 11 Cases.

**Dated: August 26th, 2025**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**