# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SC HEALTHCARE HOLDING, LLC,<br><br>            Debtor.[1] | Chapter 11<br><br>Case No. 24-10443 (TMH)<br><br>Obj. Deadline: Feb. 17, 2026 at 4:00 p.m. (ET)<br>Hearing Date: TBD |

## LIQUIDATING TRUSTEE'S AND PLAN ADMINISTRATOR'S JOINT MOTION FOR ENTRY OF AN ORDER EXTENDING THE CLAIMS OBJECTION DEADLINE UNDER THE CONFIRMED CHAPTER 11 PLAN

Daniel F. Dooley, solely in his capacity as the liquidating trustee (the "Liquidating Trustee"), and David R. Campbell, solely in his capacity as the plan administrator (the "Plan Administrator," and together with the Liquidating Trustee, the "Movants"), each appointed under the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 1410] (including all exhibits thereto and as the same may be amended, modified, or supplemented from time to time, the "Combined Plan and Disclosure Statement" or the "Plan", as applicable),[2] hereby submit this motion (this "Motion") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the deadline to object to claims established by the Plan by 180 calendar days, through and including August 3, 2026. In support of the Motion, the Movants respectfully state:

---

[1]  The last four digits of SC Healthcare Holding, LLC's tax identification number are 2584. The mailing address for SC Healthcare Holding, LLC is c/o Petersen Health Care Management, LLC, P.O. Box 620, Delavan, IL 61734.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Combined Plan and Disclosure Statement.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Movants consent, pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein is section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Rules 9006-1 and 9006-2, and Article VIII.F of the Plan.

## BACKGROUND

### A. General Background

4. On March 20, 2024 (the "Petition Date"), the above-captioned debtor and its debtor affiliates whose chapter 11 cases were closed prior to the date hereof (collectively, the "Debtors") each commenced with the Court a voluntary case (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code.

5. The Chapter 11 Cases were jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order, Pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, (I) Directing Joint Administration of the Debtors' Chapter 11 Cases, (II) Modifying the Requirements for Filing*

*Monthly Operating Reports, and (III) Granting Related Relief* [Docket No. 79] entered by the Court on March 22, 2024 in each of the Chapter 11 Cases.

6. On April 9, 2024, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases pursuant to section 1102(a)(1) of the Bankruptcy Code. On the Effective Date (as defined below), the Committee was dissolved.

7. On June 11, 2025, the Court entered an order [Docket No. 1678] (the "Confirmation Order") approving the Combined Plan and Disclosure Statement on a final basis and confirming the Plan.

8. On August 7, 2025 (the "Effective Date"), the Plan became effective. In accordance with the Plan, the Confirmation Order, and that certain *Liquidating Trust Agreement* (the "Liquidating Trust Agreement"), on the Effective Date, the Liquidating Trust Assets (as defined in the Combined Plan and Disclosure Statement) were transferred to and became vested in the Liquidating Trust, and Daniel F. Dooley was appointed as the Liquidating Trustee of the Liquidating Trust.

9. Similarly, in accordance with the Plan, the Confirmation Order, and that certain *Plan Administrator Agreement* (the "Plan Administrator Agreement"), on the Effective Date, David R. Campbell was appointed as the Plan Administrator.

10. On September 3, 2025, the Liquidating Trustee and the Plan Administrator filed the *Liquidating Trustee and Plan Administrator's Joint Motion for Entry of Final Decree (I) Closing Certain Chapter 11 Cases and (II) Terminating Certain Claims and Noticing Services* [Docket No. 1780]. On September 24, 2025, the Court entered the *Amended Final Decree (I) Closing Certain Chapter 11 Cases and (II) Terminating Certain Claims and Noticing Services* [Docket

3

No. 1811] (the "Final Decree"), closing the Debtors' Chapter 11 Cases, except for the Chapter 11 Case of SC Healthcare Holding, LLC.

B. **Status of Claims**

11. On March 22, 2024, the Court entered the *Order Appointing Kurtzman Carson Consultants LLC as Claims and Noticing Agent Effective as of the Petition Date* [Docket No. 81] (the "KCC Claims and Noticing Retention Order"), appointing Kurtzman Carson Consultants LLC ("KCC") as the Debtors' claims and noticing agent in the Chapter 11 Cases. On April 22, 2024, the Court entered the *Order Authorizing the Debtors to Retain Kurtzman Carson Consultants LLC as Administrative Advisor to the Debtors and Debtors in Possession, Effective as of the Petition Date* [Docket No. 214] (together with the KCC Claims and Noticing Retention Order, the "KCC Retention Orders,"), authorizing the Debtors to employ KCC as their administrative advisor in the Chapter 11 Cases.

12. On May 31, 2024, the Debtors each filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 380–393 and 395–505].

13. On May 21, 2024, the Court entered the *Order Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 339] (the "Bar Date Order") establishing, among other things, (a) July 15, 2024 on or before 5:00 p.m. (prevailing Central Time), as the general bar date (the "General Bar Date") and (b) September 16, 2024 at 5:00 p.m. (prevailing Central Time) as the governmental bar date.

14. On May 31, 2024, the Debtors filed the *Amended Notice of Entry of Bar Date Order Establishing Deadline for Filing Proofs of Claim (Including for Claims Asserted Under Section 503(b)(9) of the Bankruptcy Code) Against the Debtors* [Docket No. 379] (the "Amended Bar Date Notice"), extending the General Bar Date to July 22, 2024.

4

15. On June 25, 2024, KCC duly served the Amended Bar Date Notice. *See Certificate of Service* [Docket No. 559].

16. The General Bar Date passed on July 22, 2024, which was the deadline for all persons and entities, other than governmental units, asserting claims against the Debtors to file the requisite proof of claim.[3]

17. Pursuant to the Confirmation Order, the deadline for filing requests for payment of administrative claims accruing at any time before the date on which the Interim Approval and Procedures Order was entered was May 21, 2025.

18. On August 7, 2025, the Debtors filed the *Notice of Effective Date of Combined Plan and Disclosure Statement* [Docket No. 1757] notifying parties that, pursuant to the Confirmation Order, the deadline for filing requests for payment of administrative claims accruing from April 21, 2025, through the Effective Date was September 8, 2025.

19. On September 24, 2025, the Court entered the Final Decree, terminating the claims and noticing services of KCC for all of the closed Chapter 11 Cases.

20. The official claims register in the Chapter 11 Cases reflects that, as of the date of this Motion, at least [1,211] proofs of claim were filed of varying priority levels, including general unsecured, secured, priority and administrative claims (collectively, the "Filed Claims"). In addition, at least [1,832] claims were listed in the Debtor's schedules of assets and liabilities (collectively with the Filed Claims, the "Claims").

21. Section VIII.F.5 of the Combined Plan and Disclosure Statement provides that objections to the Claims must be filed within 180 days after the Effective Date, or such later date

---

[3] On April 22, 2025, certain of the Debtors amended their Schedules of Assets and Liabilities (the "Amended Schedules") [Docket Nos. 1416-1491]. Pursuant to the Bar Date Order, each affected party was given until 5:00 p.m. (prevailing Central Time) on May 23, 2025 to file a proof of claim based on the Amended Schedules.

as may be fixed by an order of the Court (the "Claims Objection Deadline").  The Claims Objection Deadline established under the Plan is February 3, 2026.

22. Since the Effective Date, the Liquidating Trustee and his professionals have focused on handling various issues, including, among others, negotiating numerous stipulations and agreed orders with personal injury claimants to lift the plan injunction to allow these claimants to pursue insurance recoveries.  In exchange, these claimants have waived all claims against the Estates.  The Liquidating Trustee and his professionals have also worked closely with the Plan Administrator regarding various reporting obligations under the Combined Plan and Disclosure Statement.

23. In early December 2025, the Liquidating Trust received $5.5 million from Mark Petersen pursuant to the terms of a settlement reached in connection with confirmation of the Plan, which provides the Liquidating Trust with sufficient funds to conduct a Claims reconciliation process.  At this juncture, the Liquidating Trustee and his professionals have begun reviewing and reconciling Claims, with a view towards maximizing recoveries for Holders of Allowed Claims.  The Liquidating Trustee anticipates filing omnibus claim objections in the coming months as Claims are reviewed and reconciled.

24. Separately, since the Effective Date, the Plan Administrator and his professionals have been focused on reconciling and collecting accounts receivable, calculating and administering various reconciliations with the new operators of the Debtors' former healthcare facilities, and winding down the Debtors in accordance with the Plan.  As part of these processes, the Plan Administrator and his professionals have been reviewing and reconciling certain Claims according to the Plan Administrator's powers under the Plan Administrator Agreement.  The Plan

Administrator anticipates filing omnibus claim objections in the near future as Claims are reviewed and reconciled.

25. The Movants, therefore, require additional time to complete their respective review, analysis, and reconciliation of the unresolved Claims and, where appropriate, to object to unresolved Claims.

## RELIEF REQUESTED

26. The Movants respectfully request entry of the Proposed Order extending the Claims Objection Deadline for a period of approximately 180 days through and including August 3, 2026.[4] The proposed extension is without prejudice to the Movants' right to seek additional extensions of the Claims Objection Deadline as appropriate

## BASIS FOR RELIEF

27. Sections 502 and 503 of the Bankruptcy Code contemplate that claims will be challenged when appropriate and, if necessary, estimated. *See* 11 U.S.C. §§ 502(b)-(c), 503. The Plan vests the discretion to object to or seek estimation of Claims in the Movants. *See* Plan, §§ VI.B, VIII.E.2. While the Plan established an initial deadline by which Claims must be objected to, the Plan contemplates extensions of the Claims Objection Deadline by order of the Court. *See* Plan, § VIII.F.5.

28. Bankruptcy Rule 9006(b) also provides for extensions of time for cause. Specifically:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … with or without motion or notice order

---

[4] The extension of 180 days ends on Sunday, August 2, 2026, and, pursuant to Bankruptcy Rule 9006(a)(1)(C), the deadline would continue to run through and including August 3, 2026. Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current Claims Objection Deadline serves to automatically extend the Claims Objection Deadline until such time as the Court rules on this Motion

the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).

29. Finally, section 105 of the Bankruptcy Code provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

30. The Movants submit that an extension of the Claims Objection Deadline as proposed herein is fundamental to the efficient administration of the Estates and is in the best interests of creditors. As discussed above, the Movants and their professionals have been working diligently to review, analyze, negotiate, and, where appropriate, settle unresolved Claims.

31. The requested extension of the Claims Objection Deadline will not prejudice any claimant or other party in interest and will benefit creditors holding valid claims of all priority levels. The extension of the Claims Objection Deadline requested herein is not sought for purposes of delay, nor will it affect any claimant's substantive defense(s) to any objection. Rather, the extension sought herein is intended to ensure that Claims will only be challenged after the Movants have meaningfully reviewed.

32. Absent the extension requested herein, the Estates and Holders of Allowed Claims may suffer unnecessary and unfair prejudice. Either the Movants will be precluded from challenging invalid, misclassified, and/or overstated Claims, or they will be forced to lodge hastily prepared "protective" objections without the benefit of a full review and analysis.

33. The requested extension will not only allow the Movants to properly review the remaining unresolved Claims but will also conserve the Estates' limited resources to the benefit of all creditors by allowing them time to pursue settlement and avoid the delay and expense of unnecessary objections and litigation.

## RESERVATION OF RIGHTS

34. The Movants reserve all of their rights to seek further extensions of the Claims Objection Deadline, as appropriate, as well as to object to and/or seek estimation of particular Claims.

## NOTICE

35. Notice of the Motion has been provided to: (i) the U.S. Trustee and (ii) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Movants submit that no other or further notice is necessary.

## CONCLUSION

36. WHEREFORE, for the reasons set forth herein, the Movants respectfully request that the Court (a) enter the Proposed Order, and (b) grant such other and further relief as may be just and proper.

*[Signature on next page]*

| | |
|---|---|
| Dated: February 3, 2026 | **GREENBERG TRAURIG, LLP**<br><br>/s/ *Dennis A. Meloro*<br>Dennis A. Meloro (DE Bar No. 4435)<br>222 Delaware Avenue, Ste. 1600<br>Wilmington, DE 19801<br>Telephone: (302) 661-7000<br>Facsimile: (302) 661-7360<br>Email: Melorod@gtlaw.com<br><br>-and-<br><br>Nancy A. Peterman (admitted *pro hac vice*)<br>Danny Duerdoth (admitted *pro hac vice*)<br>Greenberg Traurig, LLP<br>360 North Green Street, Ste 1300<br>Chicago, Illinois 60607<br>Telephone: (312) 456-8400<br>Facsimile: (312) 456-8435<br>Emails: PetermanN@gtlaw.com<br>DuerdothD@gtlaw.com<br><br>**COUNSEL FOR THE LIQUIDATING TRUSTEE**<br><br>-and-<br><br>**YOUNG CONAWAY**<br>**STARGATT & TAYLOR, LLP**<br><br>/s/ *Andrew L. Magaziner*<br>Andrew L. Magaziner (No. 5426)<br>Shella Borovinskaya (No. 6758)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: amagaziner@ycst.com<br>sborovinskaya@ycst.com<br><br>and<br><br>**WINSTON & STRAWN LLP**<br>Daniel J. McGuire (admitted pro hac vice)<br>Gregory M. Gartland (admitted pro hac vice)<br>35 W. Wacker Drive<br>Chicago, IL 60601<br>Telephone: (713) 651-2600 |

ACTIVE 718688743v1

Facsimile: (312) 558-5700
T: (312) 558-5600
Email: dmcguire@winston.com
Email: ggartland@winston.com

and

Carrie V. Hardman (admitted pro hac vice)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: chardman@winston.com

**COUNSEL FOR THE PLAN ADMINISTRATOR**