**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>SC HEALTHCARE HOLDING, LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 24-10443 (TMH)<br><br>**Obj. Deadline: May 27, 2026 at 4:00 p.m. (ET)**<br>**Hearing Date: June 15, 2026 at 11:00 a.m. (ET)** |

**LIQUIDATING TRUSTEE'S MOTION FOR AN ORDER, PURSUANT TO**
**BANKRUPTCY RULES 9006 AND 9027, FURTHER EXTENDING**
**THE PERIOD WITHIN WHICH ACTIONS MAY BE**
**REMOVED PURSUANT TO 28 U.S.C. § 1452**

Daniel F. Dooley, solely in his capacity as the liquidating trustee (the "Liquidating Trustee") hereby submits this motion (this "Motion") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), further extending the period within which actions may be removed pursuant to 28 U.S.C. § 1452 by an additional 120 days, through and including September 3, 2026.  In support of this Motion, the Liquidating Trustee respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012 (the "Amended Standing Order").  The Liquidating Trustee confirms consent,

---

[1]     The last four digits of SC Healthcare Holding, LLC's tax identification number are 2584.  The mailing address for SC Healthcare Holding, LLC is c/o Petersen Health Care Management, LLC, P.O. Box 620, Delavan, IL 61734.

pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court with respect to this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are section 1452 of title 28 of the United States Code and Bankruptcy Rules 9006 and 9027.

**BACKGROUND**

4.      On March 20, 2024 (the "Petition Date"), the above-captioned debtor and its debtor affiliates whose chapter 11 cases were closed prior to the date hereof (collectively, the "Debtors") each commenced with the Court a voluntary case (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code.

5.      The Chapter 11 Cases were jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order, Pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, (I) Directing Joint Administration of the Debtors' Chapter 11 Cases, (II) Modifying the Requirements for Filing Monthly Operating Reports, and (III) Granting Related Relief* [Docket No. 79] entered by the Court on March 22, 2024 in each of the Chapter 11 Cases.

6.      On April 9, 2024, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Cases pursuant to section 1102(a)(1) of the Bankruptcy Code.  On the Effective Date (as defined below), the Committee was dissolved.

7.      On June 11, 2025, the Court entered an order [Docket No. 1678] (the "Confirmation Order") approving the Combined Plan and Disclosure Statement on a final basis and confirming the Plan (the "Plan").

8.      On August 7, 2025 (the "Effective Date"), the Plan became effective.  In accordance with the Plan, the Confirmation Order, and that certain *Liquidating Trust Agreement* (the "Liquidating Trust Agreement"), on the Effective Date, the Liquidating Trust Assets (as defined in the Combined Plan and Disclosure Statement) were transferred to and became vested in the Liquidating Trust, and Daniel F. Dooley was appointed as the Liquidating Trustee of the Liquidating Trust.

9.      Similarly, in accordance with the Plan, the Confirmation Order, and that certain *Plan Administrator Agreement* (the "Plan Administrator Agreement"), on the Effective Date, David R. Campbell was appointed as the Plan Administrator (the "Plan Administrator").

10.      On September 3, 2025, the Liquidating Trustee and the Plan Administrator filed the *Liquidating Trustee and Plan Administrator's Joint Motion for Entry of Final Decree (I) Closing Certain Chapter 11 Cases and (II) Terminating Certain Claims and Noticing Services* [Docket No. 1780].  On September 24, 2025, the Court entered the *Amended Final Decree (I) Closing Certain Chapter 11 Cases and (II) Terminating Certain Claims and Noticing Services* [Docket No. 1811] (the "Final Decree"), closing the Debtors' Chapter 11 Cases, except for the Chapter 11 Case of SC Healthcare Holding, LLC.

11.      The Debtor and its debtor affiliates are party to various prepetition proceedings currently pending in certain states and federal districts (collectively, the "Pending Litigation") that may be subject to removal under 28 U.S.C. § 1452.  Their successors in interest may become aware of additional prepetition proceedings (each, an "Action" and, collectively with the Pending

Litigation, the "Actions"), whether in connection with proofs of claim that have been filed in this Chapter 11 Case, or otherwise, some of which may be subject to removal under 28 U.S.C. § 1452. The Liquidating Trustee, the Debtor, its debtor affiliates, and/or their respective successors in interest may find it appropriate and beneficial to remove certain of the Actions to federal court but have not yet completed the requisite analysis with respect to removal of such Actions. Therefore, the Liquidating Trustee requests additional time to complete this analysis and to make necessary determinations regarding removal of any Actions.

## PRIOR EXTENSION REQUESTS

12.     The Court has previously granted seven extensions of the removal deadline [Docket Nos. 604, 860, 1115, 1339, 1710, 1813 & 1865] (collectively, the "Removal Orders"), thereby extending the removal deadline through and including May 6, 2026 (the "Current Removal Deadline").

## RELIEF REQUESTED

13.     By this Motion, pursuant to Bankruptcy Rules 9006(b) and 9027, the Liquidating Trustee requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, further extending the period within which notices of removal may be filed pursuant to 28 U.S.C. § 1452 with respect to any Actions, from the Current Removal Deadline to September 3, 2026 (120 days later), without prejudice to the Liquidating Trustee's right to seek further extensions of such deadline.[2]

---

[2]     Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Current Removal Deadline shall automatically extend the Current Removal Deadline until the Court acts on this Motion without the necessity for entry of a bridge order.

4

**BASIS FOR RELIEF REQUESTED**

14.     Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions.  Specifically, 28 U.S.C. § 1452(a) provides that:

> [a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).  Bankruptcy Rule 9027(a)(2) further provides, in pertinent part, that:

> [i]f the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

15.     Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, such as the removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).  Accordingly, the Court is authorized to grant the relief requested herein.  *See Raff v. Gordon*, 58 B.R. 988, 991 (Bankr. E.D. Pa. 1986) (stating that the period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (same); *see also Doan v. Loomis (In re Fort Dodge Creamery Co.)*,

117 B.R. 438, 442–43 (Bankr. N.D. Iowa 1990) (implying that the time period in which a removal motion may be filed may be extended pursuant to Bankruptcy Rule 9006); *In re Boyer*, 108 B.R. 19, 26 (Bankr. N.D.N.Y. 1988) (same).

16.    The extension is appropriate because since the previous extension, the Liquidating Trustee and the Plan Administrator, as applicable, have been focused on handling numerous issues, including, among others, effectuating the wind down of the Debtor and its estate and coordinating with each other regarding future administrative needs of this case.

17.    At present, it is premature for the Plan Administrator or Liquidating Trustee to make a determination as to the benefits and burdens relating to the removal of any Actions. Accordingly, the Liquidating Trustee believes it is prudent to seek an extension of the Current Removal Deadline to protect the rights of the Debtor, Liquidating Trustee, or any of their successors to remove any Actions. The Liquidating Trustee submits that the relief requested herein is in the best interests of the Debtor, its successors in interest, its estate and creditors, and stakeholders. The extension sought will afford the Liquidating Trustee the opportunity to make fully informed decisions with respect to the removal of any Action and will ensure that the Liquidating Trustee does not forfeit valuable rights under 28 U.S.C. § 1452.

## NOTICE

18.    Notice of this Motion has been provided to the following parties or, in lieu thereof, to their counsel, if known: (a) the U.S. Trustee; (b) United States Attorney's Office for the District of Delaware; (c) Prepetition Lenders; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Liquidating Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Liquidating Trustee respectfully requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.


Dated: May 6, 2026                          GREENBERG TRAURIG, LLP


                                            */s/ Anthony W. Clark*
                                            Anthony W. Clark (#2051)
                                            222 Delaware Avenue, Suite 1600
                                            Wilmington, DE  19801
                                            Telephone: (302) 661-7000
                                            Email: Anthony.Clark@gtlaw.com

                                            -and-

                                            Danny Duerdoth (admitted *pro hac vice*)
                                            Greenberg Traurig, LLP
                                            360 North Green Street, Ste 1300
                                            Chicago, Illinois 60607
                                            Telephone:  (312) 456-8400
                                            Facsimile:  (312) 456-8435
                                            Email: DuerdothD@gtlaw.com


                                            **COUNSEL FOR THE LIQUIDATING TRUSTEE**

7